## No. 7076.

### WANG & COTTAM vs. MARTIN FINNERTY ET AL.

Where a nominal contract of sale is attacked as simulated, the nominal vendee, who sets up in his answer that the purchase was made for a " good and sufficient consideration," has a right to show the real nature of the contract. And if he proves that the pretended sale covered an actual contract to secure the payment of a just debt, the actual contract will be enforced.

The action to annul a sale on the ground of simulation is not prescribed in one year.

A creditor of a vendor may sue to annul a simulated sale although it was made before the origin of his claim. The fact that a pretended sale may be good as a contract of security does not prevent it from being simulated, as a *sale*.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,* J.

*Braughn, Buck & Dinkelspiel* for plaintiffs and appellees.
*Edward Phillips* for defendant and appellant.

---

Braughn, Buck & Dinkelspiel, for plaintiffs and appellees, contended:

First—That actions to annul on the ground of simulation are not prescribed by one year. Hennen's Dig., vol. ii. p. 1213, No. 9.

Second—That a *future* creditor may attack a simulated sale, and may seize at once without the necessity of resorting to the revocatory action. See 15 A. 177.

Third—Where a defendant sets up in his answer that a pretended sale

made by him was a real sale he will be estopped from showing that pretended sale was a contract of pledge. Bender vs. Belknap, 23 A. 764; 26 A. 631.

Edward Phillips, contra, contended:

First—That the contract is real, and violates no law. That it is valid, even if its nominal consideration was not the real one, provided another lawful consideration be proved. See 12 A. 529; 14 A. 563; 28 A. 29; 29 A. 161; 30 A. 966.

Second—That a creditor cannot annul a contract made by his debtor before his debt accrued. See 4 L. 141; 5 L. 124; 12 L. 197; 11 Rob. 493; 2 A. 168; 6 A. 87; 26 A. 711; 30 A. 1136.

The opinion of the court was delivered by

WHITE, J. The plaintiffs having obtained judgment on the 28th of April, 1876, against John Mannion and Oliver Ellsworth, commenced in March, 1877, this action against M. Finnerty to have declared a fraudulent simulation a sale of real estate made by Mannion to Finnerty, on the 7th of January, 1875. The defendants answered by a general denial and by specially pleading that the sale was valid and made for a sufficient consideration. The lower court decreed the sale simulated. Finnerty appeals.

There is conflict in the testimony, but we think after an attentive examination that it proves that although the sale was not intended by the parties as a real sale, it was, nevertheless, intended to be and was a real contract to secure a sum loaned by Finnerty, as also future loans or expenses to be by him incurred. In other words, that Mannion at the time of the sale was indebted to Finnerty in the sum of six hundred dollars, evidenced by two notes for three hundred dollars each, payable on demand, and bearing eight per cent per annum interest, dated the one the 10th November, 1874, the other December 15, 1874. That desirous of further loans, it was agreed between the parties that a sale should be made to Finnerty not only to secure the debt due him but any further loan he might make; and that on payment of the sum due, as well as all amounts disbursed by Finnerty on account of the property, which was unimproved, a retrocession was by him to be made. That under the sale Finnerty went into possession of the property, and subsequently advanced, on February 17, 1875, $200; on June 28th, 1875, $300; and at various other dates small amounts, aggregating $35, the two first items having been evidenced by demand-notes bearing interest from date until paid. That besides these amounts, Finnerty paid taxes and other expenses, amounting to $131 50. The lower court disregarded the proof that the contract was intended to be a security, as it ruled that

Finnerty having averred in his answer that the sale was real, could not be heard to show its unreality by proving that it was not a sale, but an innominate contract to secure loans made and to be made. In this we think it erred. The answer averred that the purchase was made for a "good and sufficient consideration," not that the consideration named in the act was the real one. Under these circumstances we think the defendant had a right to show, as he did, the real nature of the contract. This court has often held that where a contract was attacked as simulated, it was competent to prove that although the form of the contract was unreal, the unsubstantial form covered a real and *bona fide* agreement, and where such proof established that a pretended sale covered an actual contract to secure the payment of a just debt, the valid contract would be enforced. Parmer vs. Mangham, 31 An. 348, and authorities there cited. The defendant filed a plea of prescription, that of one year, which he insists on, and he moreover contends that as the sale to Finnerty was made before the plaintiffs' claim accrued, they cannot complain. It is elementary that the prescription of one year, good as to the revocatory, is not so as to the action seeking to unmask a simulation. We have held, in conformity to previous adjudications, that a creditor may uncover an unreal and simulated contract, although made before the origin of his claim. Testart vs. Belot, not yet reported. It is urged that, as the proof shows the contract to have been real, it is removed from the reach of the foregoing reasons. The proposition begs the whole question, for the sale is not shown to be real, but simulated as a sale, although not so as a security. Dispelling the shadow created by the fictitious contract, we are in the presence of an actual and valid agreement, which, although innominate, it would be against good conscience to disregard, and to enforce which we must conform our decree as near as possible to the terms of the contract.

It is therefore ordered, adjudged, and decreed that the judgment below be reversed ; and proceeding to render such judgment as should have been rendered below, it is ordered, adjudged, and decreed that the property mentioned in plaintiffs' petition be decreed to be that of John Mannion, subject, however, to the payment to Martin Finnerty of the sum of twelve hundred and sixty-six 50-100 dollars, with interest at eight per cent on the amount hereinafter specified. That said property be decreed subject to plaintiffs' execution, but that from the proceeds said Finnerty be paid by preference the aforementioned sum with the following interest: Eight per cent on $300 from November 10th, 1874, until paid; on $300 from December 15th, 1874; on $200 from February 17th, 1875; and on $300 from June 28, 1875. The costs below to be borne by the defendants ; those of the appeal by the plaintiffs.

Rehearing refused.