Noble vs. Flower.

---

## No. 9051.

### Mrs. Elizabeth Noble vs. Samuel Flower, Administrator.

The objection that the district judge has passed himself upon a case ordered to be tried by a jury, which was empanelled and sworn and present, will not be considered on appeal, where no bill was taken below to the course pursued. Silence amounts to a waiver, or to acquiescence.

The refusal of a district judge to admit any evidence. on the ground of irrelevancy, in support of the allegations of a petition which discloses a cause of action, cannot be justified. Under such circumstances. the case will be remanded for further proceedings.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

Geo. L. Bright and F. Kernan for the Appellant.

G. L. Hall for the Appellee.

Nicholls & Carroll on the same side.

| 36 | 737 |
| 107 | 776 |
| 36 | 737 |
| 111 | 606 |
| 36 | 737 |
| 112 | 280 |
| 36 | 737 |
| 120 | 391 |

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff enjoins executory proceedings against her, on notes issued by her in settlement of the purchase price of certain real estate in this city, amounting in capital to $3500.

She contends that those notes were extinguished by payments and compensation before they came to the possession of the defendant, to whom they were passed without consideration and to defraud her of her rights against the previous holder.

She prays that the notes be so declared; further, that the privilege. and mortgage apparently securing them be annulled; that she recover $1500 damages and that her injunction be perpetuated.'

The defendant at first filed an exception of no cause of action and next answered, resisting plaintiff's demand, averring a valid title to the notes and security, concluding with a prayer for $5500 damages, in reconvention.

At plaintiff's instance the case was ordered to be tried by jury.

On the day of trial, objections resting on the ground of irrelevancy were urged to the admissibility of any evidence of plaintiff.  The court sustained them, refused to admit any proof, and proceeded to render itself judgment of *non suit* on both the main and the reconventional demands.

From that judgment the plaintiff alone appeals.

It appears that, after refusing to allow the evidence, the court did not permit the case to go to the jury, empanelled, sworn and present to try the same; but assumed to render the judgment stated and complained of.

In argument before this Court, our attention is called to this irregularity by defendant's counsel, who contends that the district judge had no right, after directing the cause to be tried by a jury, to wrest it from them and to pass upon it, himself, as he did.   It is urged that this suffices to justify a reversal of the judgment and a remanding of the case. We do not think so.

Nothing shows that the plaintiff objected below to the course thus pursued.  Silence on such an occasion amounts to a waiver of objection, or to an acquiescence in the correctness of the proceeding.  It may be that on objection the judge would have receded and submitted the case to the jury, who undoubtedly would have rendered a verdict of dismissal for want of proof by either party.   Practically, the plaintiff has ustained no imaginable wrong and cannot be heard to complain.

## MERITS.

The facts averred by the plaintiff in her elaborate original and in her supplemental petition must be taken as true, for the purpose of the litigation, in its actual phase, and may be considered to be substantially the following:

That in 1872 the Life Association of America issued a policy of insurance, whereby it agreed to pay plaintiff, in trust for herself and children, $10,000 sixty days after the death of her husband, if she survive him, and to the legal holder if she do not; but that if the insured be living on the first of April, 1898, the policy would then mature and be paid to the legal holder of it.

That, after payment by her of $3539 as premiums on the policy, the association, without her consent, induced her husband to surrender the policy, and accept, in lieu thereof, another for $5000, in 1878.

That the company became insolvent on November 10, 1879, and unable to comply with the terms of the policy; that this circumstance dissolved the contract and entitled the plaintiff to recover from the association the sum of $3539, paid as premiums.

That on October 2, 1879, previous to the insolvency, the plaintiff acquired from the association, as wife separated in property, the real estate seized, for $4500, one thousand of which was cash and the rest on time, for which the notes sued on were furnished.

That when the company became insolvent it owned these notes; that its insolvency was known to the defendant; that the association had no right to transfer the notes to the defendant; that the transfer was made without consideration passing and fraudulently, and was designed to prevent plaintiff from urging her claim against the company and thus defraud her, as also the other creditors.

The fundamental averment is: that the notes were extinguished by payment and compensation, on the day of the insolvency, by the application thereto of her claim for the $3539 for premiums paid.

There was filed *in limine* no exception to the right of plaintiff to stand in judgment, or to the form of her proceedings. The only preliminary defense set up was the exception of no *cause* of action, which was afterwards withdrawn.

The defendant joined issue by *answer*, denying the pretensions of plaintiff, and, reconvening, averred title in himself as administrator of the succession of Hood; claimed title to the notes and security; asserted damages sustained; concluding with a prayer for the rejection of plaintiff's demand, for recognition of his title to the notes and security, for the dissolution of the injunction, with $5500 damages.

The grounds urged for the exclusion of all and any evidence are multifarious and difficult to formulate systematically.

They constitute practically a double exception of no *right* and no *cause* of action.

Reduced to their simplest expression, they appear to be:

That the association is no party to the suit; that the defendant represents neither it nor the minors Hood, whose title to the notes and security cannot be collaterally attacked; that the suit is a disguised revocatory action; that it is barred by prescription; that plaintiff's claim, whatever it be, cannot be set up in compensation, for the double reason that, at the time of the insolvency—November 10, 1879—the notes were not due and the claim set up in compensation was not liquidated and of equal dignity; that under no circumstances, even if all the allegations were proved, can the judgment sought be rendered.

It is true that neither the association nor the tutor of the minors Hood is a party to this suit. It was unnecessary, under the exceptional features of the suit, to have connected them with it.

The plaintiff in the executory proceedings is charged with having obtained the notes from the association without consideration, fraudulently, to injure the defendant, the drawer thereof, a creditor of the concern, by depriving her, if possible, of her recourse against it.

If those allegations be true, it is clear that, as plaintiff herein assumes, with the consent of his transferror to champion his rights, it was superfluous to make him a party. A judgment against the ostensible owner of the notes would bind the real owner, either as to their ownership, validity or extinction.

On the other hand, the defendant represents, as administrator, the succession of Hood, whose minors have only a residuary interest. A judgment against him necessarily will conclude them. The attack is not collateral; it is a direct one, as direct as it could be.

The suit cannot be viewed, at this stage of the proceedings, as a disguised revocatory action. If it was irregularly brought, an exception to the form should have been filed *in limine*. If it is barred by prescription, the plea should have been offered and the action of the court asked upon it.

It was, no doubt, in the power of the defendant in injunction to have excepted to the right of the plaintiff of pleading her claim in compensation as a ground for the writ, for the reason that it is not of equal dignity. Had he done so, it is probable that this defense would have

been sustained; but far from doing so, he has *answered* to the merits, denying the pretensions of plaintiff and averring his own, asking judgment on both demands.

The suit, in its complex character, is a cross one, regardless of the injunction, which becomes, by the pleadings, an incident, a feature of minor importance, possibly one of utter insignificance on its merits.

The defendant seems to concede that, had the demand been formulated as one in *reconvention*, the plaintiff in injunction, defendant in executory process, might have had a standing to revindicate some right, as was necessarily done by the defendant in the case of the same association vs. Levy, 33 Ann. 1203.

If it be true that in such contingency she could have recovered, it is impossible to discover why, under the pleadings, in the instant case she is not entitled to some relief, merely because she proves her claims in *compensation*—a plea which the courts favor, as it rests on good faith and dispenses with unnecessary evidence in support of an admitted claim.

There exists, no doubt, a telling disparity between a demand in reconvention and one in compensation. The former may or may not admit the main demand; generally it denies it. The latter impliedly confesses it. Whatever the difference be, however, it does not in the least follow that a demand which might have been set up in reconvention cannot be formulated as one in compensation. When presented under the last term, the main demand is admitted and the burden of proving extinguishment and consequent release from the principal obligation is then assumed by and rests upon the defendant, who sets up the plea invariably at his risk and peril.

It cannot be denied that, had the plaintiff expressly charged that the notes had been transferred to defendant after maturity, or even previously, without consideration and for the purpose of defrauding her of her recourse against the company, they could not have passed, under those circumstances, subject to those equities. It is true that she has not done so formally, as to time; but she has certainly averred broadly enough to justify the admission of evidence to establish those charges.

The filing and the formal withdrawal of the exception of no *cause* of action possibly admitted a *right* of action, and, on proof, a *cause* of action. The objections to the evidence on the ground of irrelevancy are kindred to those implied in the exception of no *cause* of action. The waiver of the latter is equivalent to an abandonment of the former.

We do not think that, under the issues, in the absence of any preliminary exceptions seasonably assailing the right and the cause of action, as well as t. e form of the proceeding, the evidence should have been excluded.

This view of the case renders unnecessary a further consideration of other differences between the litigants.

It may well be that the plaintiff may fail in her proof; but it does seem that, if she can establish satisfactorily all her averments, she should be entitled, under the pleadings as they exist, to some relief, which cannot exceed the amount of the notes sued on.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that this cause be remanded to the lower court, to be further proceeded with according to the views herein expressed and according to law, defendant to pay costs of appeal: those of the lower court to abide the result of the suit.

Rehearing refused.