No. 9859.

THOMAS P. HAWTHORNE VS. MRS. MARY CLARK ET AL.

Where a man conveys an immovable to a woman and subsequently marries her, there being no marriage contract respecting the property conveyed, he cannot, during the marriage, though living apart from his wife, maintain an action against her to have said conveyance declared a simulation, nor can he by passing a simulated title to another person, enable such person to have the conveyance to the wife annulled on the ground of simulation or other cause.

A PPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

Wm. B. Lancaster for Plaintiff and Appellant.

J. S. & J. T. Whittaker for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J. William Clark on the 17th of December, 1875, conveyed the property described in the pleadings being an immovable situated in the city of New Orleans, to the defendant, then a Mrs. Mary Quirk. A few weeks subsequently he married her. The parties afterward separated and are living apart.

On the 29th of December, 1885, Clark purports to have sold the the same property to the plaintiff, his son-in-law, for $2800, on a credit of one, two and three years. The instalments represented by the promissory notes of the plaintiffs for $100 each.

A short time after this conveyance to him, the plaintiff brought suit against Mrs. Clark, the defendant, to have the title to her of the property made by Clark declared simulated and himself recognized as the true owner of the same.

To this action Mrs. Clark excepted, on grounds substantially as follows:

"That the plaintiff was without interest in the subject matter of the

suit. That his title to the property was simulated; and that he was but a person interposed for the purpose of this suit."

This exception was sustained and the suit dismissed, and the plaintiff appealed.

We see no reason to disturb the judgment appealed from.

Clark and his wife, defendant herein, though living apart, have never been separated by judgment, or divorced. During the existence of the marriage Clark could bring no suit against his wife to have the sale annulled. We are satisfied that this conveyance was made to the plaintiff, with a view to enable him to do what Clark could not do himself.

Both the plaintiff and Clark were on the stand as witnesses, and this fact was virtually admitted by both of them.

In answer to a question asked him, the former said (quoting):

"He (referring to Clark) turned the property over to me, I suppose to make this suit."

Then the question was asked: "He turned the property over to you to make this suit?" Answer: "Yes, sir."

Clark, as a witness, was asked substantially: "If it was not his idea when he conveyed the property to Hawthorne that he (Hawthorne) would bring a suit against Mrs. Clark, and if he succeeded in the suit, would return it to him."

To which he answered (quoting): "I don't know, but I might take back the property from him if he got a title to the property   *   *   * and wanted his notes back."

"Q. Did you not tell him that?"

"A. Admitting I did, I will say yes."

Again, when questioned about what property he owned, Clark answered to the effect that all he owned was this property—showing that he still regarded himself as the owner of it, notwithstanding his conveyance of it to plaintiff.

In addition to this, the long terms of credit given, the fact that the property stood mortgaged for more than it was worth, and that the notes had not been negotiated, and other circumstances needless to mention, all argue against the reality of the sale to Hawthorn.

Thus, concluding that Hawthorn was entirely without interest, it is unneccessary to discuss the abstract question presented whether, even had the sale to him been real, he could have any better right to maintain this suit than Clark himself had.

Judgment affirmed.