(36 South. 345.)

No. 14,759.

NUSS v. NUSS et al.

(March 28, 1904.)

**HUSBAND AND WIFE—SEPARATION OF PROPER-TY—ESTOPPEL.**

1. Pending an action brought by a wife against her husband for a separation of property, the husband transferred certain property to one of his wife's sisters in the form of a sale, with an understanding between him and the sister, and his wife and himself, that she should, after the judgment of separation had been rendered, transfer the property to the wife in settlement of the moneyed judgment which she would obtain, and of an amount then due by him to another sister which she, the latter, proposed donating later to the wife. This was accordingly done. In the act by which the sister who held the legal title to the property transferred the same to the wife it was recited that the latter was separated in property from her husband by the judgment referred to, and that she was buying the property for her separate account with her own paraphernal funds, under an authorization which she had obtained from the court. The act of transfer was by notarial act. The husband intervened in this act to authorize his wife to buy, and signed the act. In the present action he seeks to have the two acts declared simulations. *Held*, he is estopped from doing so.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Michael Nuss against Margaret B. Nuss and others. Judgment for defendants, and plaintiff appeals. Affirmed.

George W. Flynn and Jonathan N. Luce, for appellant. John Bassich, Jr., for Mrs. Margaret Nuss and Mrs. A. Von Hoven, appellees.

### Statement of the Case.

NICHOLLS, C. J. The plaintiff alleged that he was the owner of certain lots of ground and certain movable property, which he described; that he was married to the defendant in 1868, and that all of the said property was acquired during the existence of the community between her and himself. That notwithstanding the love and affection which he bestowed upon her, and notwithstanding that he provided for the household in a manner consistent with his means, giving and providing a good education to their children, his wife did enter into a conspiracy to fraudulently dispossess him of all the property acquired by him as the head of the community, and did, with the aid and connivance and assistance of her sister Mrs. Ann Boebinger, widow of Jacob Von Hoven, actually fraudulently deprive and dispossess him of all the property, which he described, under a pretended act of sale executed before Charles Rebentisch, notary public, of date August 30, 1897, which said act of sale was executed by petitioner and carried out through false representations, fraud, and deceit, and threats of violence on the part of his said wife towards petitioner, and who forced him to sign and execute said pretended act of sale by threats of violence, while he was in such a frame of mind as to be incapable of acting understandingly or intelligently, as he was afraid of his life if he declined to comply with the coercive demands of his wife. That he was subsequently lulled into security by deceitful representations of his said wife, who represented that the conveyance was simply an act for convenience. That said alleged conveyance was made without any consideration whatever, in money or otherwise.

That, in order to carry out the fraud and deception commenced in the execution of the pretended act hereinbefore referred to, the said Mrs. Von Hoven did on or about November 22, 1897, transfer to his wife all of the said property, real and personal, which said pretended act of sale he declared to be null and void, as having been entered into and conceived and carried into effect in fraud and deceit, and without consideration, and in violation of law, and for the purpose, through the medium of the first above-mentioned pretended act of sale, of taking all of said property out of the possession of the community, and the title thereof from him, the head of the community, and placing same in the name of his wife as her separate property, and thus to deprive and defraud him thereof.

That all of the details of this fraudulent transaction were carried out with systematic cunning and deliberation, his wife having obtained an order or judgment of court decreeing a separation of property from petitioner, in the suit of Mrs. Margaret Nuss v. Michael Nuss, of the docket of the civil district court, thus to enable her to acquire, through fraud, deceit, and violence and coercion practiced on and against him, the above-described property standing in his name and belonging to the community, by the fraudulent and simulated conveyance above stated. That the above-described pretended sale of August, 1897, by himself to Mrs. A. M. Von Hoven, and the one of November 22, 1897, by Mrs. A. M. Von Hoven to his wife, were in reality fraudulent, simulated transactions; also for the reasons that the said sale was made through the interposition of a third person, without consideration, and in violation of the prohibitory provisions of the Civil Code that the sale must be considered as one transaction entered into fraudulently, methodically, and with systematic deliberation, for the purpose of dispossessing and defrauding petitioner

of his rights and property, under its guise and color of law, for the purpose of investing his wife, Mrs. Margaret Boebinger, with the title to all property of the described community property.

That all the while the said transactions were in progress, and until completion, his wife was conferring and conspiring with her sister Mrs. Von Hoven for the purpose of defrauding petitioner. That the proceedings and judgment in civil district court for the parish of Orleans, by Mrs. Margaret Boebinger, wife of petitioner, against Michael Nuss, were instituted and prosecuted for the purpose of carrying out and giving color of law to the fraudulent schemes and designs; and that the pretended act of sale, transferring all the property hereinbefore described, before Rebentisch, notary, was in the handwriting of said Mrs. Boebinger Nuss, or her agent or attorney, and brought to said notary, by Mrs. Boebinger or her representative or agent, to be passed and executed and performed by said notary in the form presented to him. That as a result of all this conspiracy and fraud he was driven by his wife from the home which he had supported and maintained during the last 30 years, and refused permission to see his sick and dying boy, although he begged and entreated, without avail.

That he was to-day an old man 67 years of age, penniless and without shelter, although he had always conducted himself as a useful citizen, proud of a record in the Confederacy, and always enjoying the respect and confidence of the community in which he had resided during the past 40 years.

That he had made amicable demand for return of said property, which was now being claimed by his wife under the color of the so-called fraudulent and illegal title, who was in the full possession thereof, and that all his demands had been refused.

In view of the premises he prayed that his wife be authorized by the court to appear

and defend this suit; that she, as well as Mrs. A. M. Von Hoven, a widow, be cited; that there be judgment in his favor, decreeing said pretended sale of property, hereinbefore described, of August 30, 1897, by petitioner to Mrs. Widow Anna Marie Boebinger, and of November 22, 1897, by Mrs. A. M. Von Hoven to his wife, to be null and void, as having been made by husband to wife, through interposition of a third person, without consideration, and that both transactions be declared to be fraudulent simulation, in violation of article 2446, Rev. Civ. Code, and that petitioner be decreed to still be the owner of all of said property. He prayed for all equitable and general relief.

Mrs. Margaret Boebinger, the wife of the plaintiff, and her sister Mrs. Ann Boebinger, each filed separate exceptions, the exceptions being identical as to substance.

The exceptions were: (1) That although, in the suit of Margaret Boebinger against the plaintiff, she had been nonsuited so far as she sought therein to obtain a judgment of separation from bed and board against the defendant, her husband, she none the less had obtained therein a judgment of separation of property from him, and dissolving the community between them, also a moneyed judgment against him; that this judgment was valid in law, and rendered by a court having jurisdiction; that plaintiff had been personally cited therein, and the cause decided after the issue joined; that it was duly published, and execution had issued upon the same; that it had acquired the force of res judicata; that plaintiff had not prayed to have it revoked or set aside, and it could not be collaterally attacked, and plaintiff failed to show a cause of action. (2) They pleaded the prescription of one year against the attack upon either the said judgment, or from the acts of transfer from plaintiff to Mrs. Von Hoven, and from her to the defendant Mrs. Nuss.

They pleaded that plaintiff was estopped

from attacking either the said judgment or the said acts of transfer, because, after the transfer by him to the defendant Mrs. Von Hoven, he had made himself a party to the act of transfer from her to plaintiff's wife, and signed the same, the said act containing a recital that his wife was separated in property from him through said judgment of separation, and that in said act she was purchasing said property from her own separate private funds as her separate paraphernal property. Plaintiff then filed a supplemental petition, the substance of which was that his averments that his wife was in possession of the property in dispute was made in error, and that the truth was that he had retained and still had possession thereof, notwithstanding said acts of sale; and he desired to supplement his allegations concerning said acts of sale by averring that long before their execution he was in such an irresponsible state of mind as not to know what he was doing, which condition was brought about by the violence, threats, and oppression of defendant, and that as a matter of fact he did not know that said acts had been executed, and that he had been a party thereto, until long after, say on or about June 10, 1900, when he was informed by the notary that the property was no longer his; that not only was he of unsound mind at the time, but he was drugged and rendered insensible by defendants, so as to enable them to complete the conspiracy hatched between them to take from him all of his property and rights. He prayed for judgment as in his original petition.

The defendants filed separate answers, under reservation of the exceptions. Both pleaded the general denial.

Mrs. Nuss denied that the property belonged to the community which had existed between plaintiff and herself. She averred that said community had been dissolved by the said judgment of the civil district court, and separated her in property, and rendered judg-

ment against him in her favor for three hundred dollars, with legal interest from August 6, 1868, until paid, making $720 of her paraphernal funds which he had received. That she acquired on the 13th of October, 1897, by authentic act, a donation inter vivos from her sister Mrs. Louisa Heuner, a promissory note held by her against defendant's husband, Nuss, for $600, with 8 per cent. per annum interest from its date (August 1, 1884) up to August 30, 1897, the date of said separation of property, which said note due by her husband, with interest, amounted at that date to $1,224. That she acquired indirectly said property on November 2, 1897, from the plaintiff, through Mrs. Von Hoven, by notarial act before Rebentisch, notary, in settlement of the indebtedness due to her by her husband, to wit, (1) the amount of said judgment and interest, (2) for the amount of said note, amounting to $1,994, and (3) for other amounts for costs and fees in said suit, amounting to $500, making nearly $2,500, an amount far exceeding the value of said property. That said judgment had acquired the force of res judicata. That her husband, knowing that the community was insolvent, and said property was liable to seizure under a writ in said suit, and that a sale of the same under execution of the judgment would result in a sacrifice of the entire property, agreed willingly, without the use of fraud, coercion, or restraint, used either by herself or her sister Mrs. Von Hoven, to transfer it in settlement of her claims to said Mrs. Von Hoven, for the use and benefit of respondent (Mrs. Nuss), to whom Mrs. Von Hoven was thereafter to transfer it as owner; that plaintiff, according to said agreement, to which respondent was a party, willingly, without fraud or constraint used either by herself or her sister, did transfer it to Mrs. Von Hoven on August 30, 1897, by act of sale before Rebentisch, notary, and her sister Mrs. Von Hoven transferred the same to her on November 22, 1897.

That plaintiff was well aware of the contents of said sale, as the same were read and explained to him by the notary before signing, and, previous to the last transfer (that of November 22, 1897) from Mrs. Von Hoven to her, her husband (the plaintiff) was cited in said suit to show cause why she, as having the separate administration of her separate property, should not purchase said property for her separate benefit and account, and, plaintiff failing to appear, she was authorized by order of the court, dated November 22, 1897, to purchase said property for her separate benefit and account. That her husband, with full knowledge of the contents of said acts of sale, that it contained the assertion or recital that she was separated in property under said judgment of separation and purchased for her separate benefit with her private funds, voluntarily appeared, without the use of fraud, constraint, or threats, before the notary on the 22d November, 1897, and signed the act of sale from Mrs. Von Hoven to herself, and thereby estopped himself from contesting said sales.

That said transfers purporting to be sales were made for good, valid consideration, as a giving in payment in settlement of the indebtedness due her husband to herself; that they were real contracts based upon valid consideration.

In view of the premises, she prayed that plaintiff's action be dismissed as barred by the prescription of one year.

That plaintiff be declared estopped from contesting her title. She prayed, contingently upon said prayer not being granted, that the judgment of separation of August 3, 1897, be declared valid, as also said transfers of property from plaintiff to Mrs. Von Hoven on August 30, 1897, and from Mrs. Von Hoven to respondent on November 22, 1897, and said property be decreed to belong to her as her separate property, and that plaintiff's suit be dismissed.

Mrs. Von Hoven's answer was substantial-

ly the same. She admitted that on August 30, 1897, the plaintiff, by an act before Rebentisch, notary, purporting to be a sale, transferred to her the property described in plaintiff's petition. She denied that there was no consideration for the said transfer, as said transfer was made to her for the benefit of plaintiff's wife, respondent's sister, under a previous agreement between him and his wife and respondent, entered into willingly by the plaintiff, under which agreement respondent was to transfer said property to plaintiff's wife in payment of said judgment and interest—$720—and the sum of $1,224 due originally to Mrs. Louisa Heuner, as principal and interest on a promissory note for $600 dated August 1, 1884, due by plaintiff's husband, which note and interest was, by a donation inter vivos, donated to her sister Mrs. Nuss by Mrs. Heuner by act before Taylor, notary, on the 13th October, 1897, and a further sum of $500 for costs, fees, etc., due by the plaintiff in said separation suit, the whole amounting to nearly $2,500; that under said agreement respondent did transfer said property to her sister Mrs. Nuss by act of sale before Rebentisch, notary, on the 22d November, 1897; that said indebtedness of the plaintiff to her sister far exceeded the value of the property transferred. She prayed for judgment conformable to that of Mrs. Nuss, her sister.

The district court rendered judgment in favor of the defendants against the plaintiff, rejecting plaintiff's demand, and recognizing Mrs. Margaret Boebinger, wife, separated in property of the plaintiff, Michael Nuss, as the sole owner of the property described in plaintiff's petition. The latter appealed. In his reasons for judgment the district judge said:

"The right of a husband to bring against his wife, during marriage, an action like this, has been questioned in argument; but, as defendants have not presented that issue specially by formal plea, I do not feel called upon to decide it. Code Prac. art. 346. Inasmuch, however, as it is a matter affecting the substance of the demand, and pleadable at any stage of the proceedings, even on appeal (Code Prac. arts. 343, 345, 346), I cannot refrain from saying that this question has received my fullest consideration in another case, and that my opinion remains firm that, as long as the marriage continued, one spouse cannot sue the other, save in certain cases, not inclusive of such an action as the instant one. Hawthorne v. Clark, 39 La. Ann. 678, 2 South. 561; Code Prac. art. 105. Donelly v. Buegue, No. 59,-286 (civil district court). Therefore, had an exception of no right or cause of action been formally made herein, I would unhesitatingly have dismissed plaintiff's demand, not only as against his wife, but as against the other defendant. For plaintiff is seeking to set aside an alleged prohibited sale of his property to his wife as having been made through a person interposed, and, although the person interposed is a necessary party to the action, if it cannot be maintained against the real vendee, it cannot be maintained against the intermediary, who is averred to be without interest. But, as already stated, that issue has not been formally made by defendant, doubtless because of apprehended difficulty in alienating the property until the dissolution of the marriage, up to which time the husband's rights might be deemed to be in abeyance. The case, therefore, comes up for consideration primarily upon the pleas of prescription and estoppel, which were referred to the merits, for the obvious reason that they required proof bearing upon the merits. For if, as alleged by plaintiff, he was not only threatened with violence, but was mentally irresponsible and drugged, when the acts complained of were consummated, and if the knowledge of the facts came to him less than one year prior to the institution of this suit, the pleas are not well founded. But the evidence shows that the

allegations of plaintiff touching a conspiracy between his wife and his sister-in-law to dispossess him of his property are completely without foundation. It disproves that he was of unsound mind, that he was drugged and rendered insensible, and that he was influenced by misrepresentations, by frauds, and threats of violence. It bears out fully the agreement set forth in the answer, in pursuance of which the property in question was to be transferred by plaintiff to Mrs. Von Hoven, and then by her to Mrs. Nuss, for the consideration recited in said answer, namely, the restitution of the wife's paraphernal effects, the payment of a debt of a husband, donated by the creditor to his wife, and the payment of the costs, attorney's fees, etc., due by the husband in the suit of the wife for the dissolution of the community and for a separation of property— a consideration sufficient to maintain a transfer of property to the wife directly. Civ. Code, arts. 1900, 2446; Petetin v. Creditors, 51 La. Ann. 1660, 26 South. 471; Slatter v. Tete, 4 La. Ann. 465; Benedict v. Holmes, 104 La. 528, 29 South. 256. The evidence shows, further, that the value of the property was not disproportionate to the consideration of price. It discloses also that plaintiff, throughout the entire transaction, was fully aware of all that was being done, and that he acted without coercion, not only for the purpose of protecting his wife's rights, but for putting his property beyond reach of his other creditors, he being insolvent at the time. If in that there was a conspiracy, he was a party to it, and cannot complain.

"The fact that the husband was allowed to remain in physical possession of the realty and part of the movables does not weaken the force of the evidence of the wife's favor. It was mere tolerance on her part, superinduced by dread of violent resistance if she attempted to oust him. She asserted her ownership, as far as she could without resorting to legal process, by having the assessment of the property changed to her name, by paying the taxes, and by warning one of the tenants not to pay rent to her husband.

"Having thus failed in substantiating his averments of fraud, misrepresentation, threats, violence, and insanity, plaintiff, who voluntarily subscribed the acts of sale from Mrs. Von Hoven to Mrs. Nuss after the latter had been authorized by the court to purchase without his sanction, is estopped from contesting their recital that his wife was acquiring with her separate funds, and his attack upon said acts and the judgment of separation is barred by the prescription of one year. I might, therefore, have predicated a judgment for defendants upon the maintenance of the exceptions of estoppel and prescription; but, as title to real estate was involved, I have preferred to inquire fully into the merits, and to ascertain whether there was valid consideration for the sale to the wife, as though this were a suit timely brought by a creditor of the community, and not the husband; and it is upon my conclusions from the evidence, that a sufficient consideration for a dation en paiement from the husband to the wife directly has been fully proven, that I choose to rest the dismissal of plaintiff's demand. Vicknair v. Trosclair, 45 La. Ann. 373, 12 South. 486; Douglass v. Douglass, 51 La. Ann. 1464, 26 South. 546."

### Opinion.

We are not called on in this case to discuss and pass upon the question as to whether, as a general proposition or rule, a husband is not authorized to institute judicial proceedings against his wife, nor whether, if such was the case, the court could or should of its own motion dismiss a suit, where this had been attempted, wherein the parties themselves raised no such issue.

NUSS v. NUSS.

The question before us is not so much whether the plaintiff, who was defendant in a suit legally brought against him by his wife (one of the defendants herein) for a separation of property, which action resulted in a judgment of separation of property, a dissolution of the community between them, and a moneyed judgment against him, can institute an action, in which his wife is made by him a party, wherein he attacks a legal title made by him to a third person (which his wife claims to have acquired from that third person by notarial act in execution of the judgment which she had obtained), as whether, the attack having been made by the husband, the wife is authorized to meet the issue tendered and vindicate her title under the judgment. We think she has such right. We think she cannot, after such an attack has been made (which would make her title almost an unmarketable one), be forced to let matters remain in abeyance, undetermined, until the dissolution of the marriage. This suit is substantially a branch of the separation suit, one of its incidents or consequences, and the rights of the parties thereto can now be legally put to the test. Benedict v. Holmes, 104 La. 528, 29 South. 256.

The plaintiff in this suit does not pray for the nullity of the judgment which resulted in the separation of property and dissolution of the community between himself and his wife, nor does he deny the fact of his indebtedness to his sister-in-law (Mrs. Heuner), as evidenced by his note to her, which note the latter donated to plaintiff's wife after the judgment of separation had been rendered, but before the notarial act of transfer from Mrs. Von Hoven to his wife had been passed. He relies upon sustaining the position which he has taken, that neither the act from himself to Mrs. Von Hoven, nor that of Mrs. Von Hoven to his wife, had any reality or consideration; that they were both pure simulations, brought about by intimidation and fraud practiced upon himself when he was in such a condition of mind as not to be responsible for his action.

The evidence establishes that the judgment of separation was rendered by the court in a case in which defendant legally appeared; that the suit was regularly tried and decided upon evidence adduced; that the judgment was published according to law, and that a writ of fi. fa. issued upon it, which was returned nulla bona; that defendant took no appeal from it, and the delay for an action of nullity for fraud or intimidation were permitted to expire without action of any kind on his part. It further establishes that the allegations which plaintiff made as to his mental condition at the time of the execution of the different acts referred to in the pleadings and offered in evidence, and in reference to intimidation and fraud practiced upon him, are utterly without foundation. The attempt under the pleadings and the evidence to set aside the judgment, and the attempt to set aside the acts from himself to Mrs. Von Hoven, and from Mrs. Von Hoven to his wife, for fraud or violence brought to bear upon him, either through a conspiracy between these parties to bring about that result, or by either of them acting separately, should and must fail for want of any foundation to rest upon. There remains only for consideration whether the acts referred to were, as he asserts both of them to be, pure simulations. They were unquestionably not. It is true that the recitals of the act between plaintiff and Mrs. Von Hoven as to its actual character and purpose, and as to the price and the receipt of the price therein referred to, were not true, but it did not necessarily follow from this that the act should fail of accomplishing its actual purpose and design.

In one sense of the word the act might be said to be simulated—that is to say, it did not truly embody the real contract between the parties—and that as to certain parties and

under certain circumstances that fact might make the act voidable, null, and of no effect as a sale; but article 1900 of the Civil Code declares that if the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated if the party can show the existence of a true and sufficient consideration. In the present instance it is shown that both parties to the act intended to place the "legal title" of the property transferred therein to the vendee named, and to constitute that vendee the agent of the vendor, in order in the future to attain an object well understood between them, and that object was subsequently carried into effect, with the written consent of the vendor in a notarial act, through the instrumentality of the agent, precisely as it had been originally agreed should be done. We have on several occasions said that a simulation was not necessarily a fraud; that the placing of the parties to an act in relation to each other which they only apparently bore towards each other might be perfectly legitimate, and the actual intentions of the parties could be lawfully carried into execution under or through the act; that such acts were frequently made use of for convenience, as, for instance, to borrow money, or to facilitate the transfer of property. The intention of both parties in the act between the plaintiff and Mrs. Von Hoven was to temporarily place in her name the legal title of the property declared to be conveyed, and to constitute her plaintiff's agent for the purpose of conveying the properties to his wife, after the judgment of separation of property then applied for should have been obtained, in settlement of the claims she had or might have against him. Plaintiff was indebted at that time to third parties as well as to his wife, and it seems to have been feared that some of these creditors might seize the property before judgment of separation could be obtained, and that a dation en paiement made to the wife before the community was actually dissolved, and pending the suit then in court, might prejudice her rights in some way.

Plaintiff at that time owed his wife's sister a promissory note, which the parties evidently knew she intended in a few days to donate to the latter, and this donation was in fact made by notarial act, and before the transfer by Mrs. Von Hoven to Mrs. Nuss.

The plaintiff, therefore, owed his wife, at the time of this last act, the amount of this donated note, and the amount which he was adjudged by the judgment to owe her. The transfer to the wife was a good and sufficient consideration for the transfer by plaintiff, acting through his agent, Mrs. Von Hoven. Wang v. Finnerty, 32 La. Ann. 94. The plaintiff voluntarily made himself a party to that act, signed it, and in so doing made his own the act of Mrs. Von Hoven (Noble v. Flower, 36 La. Ann. 740), in making the transfer to his wife. Wang v. Finnerty, 32 La. Ann. 94. In that act it was expressly recited that his wife was separated in property from him by the judgment mentioned, and that she was making, by his authority and that of the court, the purchase set out in the deed as her paraphernal property with her paraphernal funds. This transfer having been made, the outstanding writ of fi. fa. against plaintiff in execution of the judgment was returned nulla bona.

The act of transfer made by Mrs. Von Hoven to his wife was, under these circumstances, a payment of his indebtedness to the latter by authentic act. Civ. Code, art. 2428. We may say here that no creditor of the husband has ever complained of the transfer, but that the wife seems to have herself paid all outstanding claims since the conveyance to herself. We are of the opinion that, by the conveyance made by Mrs. Von Hoven to Mrs. Nuss, the latter obtained a valid title to the property transferred to her. The judgment appealed from is hereby affirmed.