## No. 13,081.

### MARY E. LAWSON AND HER HUSBAND vs. ROBERT J. CONOLLY.

#### SYLLABUS.

1. A notarial act by which a father sells to his daughter certain real estate for four thousand dollars, three thousand dollars cash and the balance represented by two notes of the vendee to her own order and by her endorsed, and secured by mortgage on the property sold, can not be set aside by the father on the ground of ingratitude and cruel treatment to him by his daughter, and that the act evidenced really a donation to her when the father has received and discounted the notes of the vendee with a third person, and the property itself has anterior to the demand for revocation passed into the hands of a purchaser in good faith. Civil Code, Article 1562.

2. A notarial act between father and daughter purporting on its face to be an act of sale to the daughter on terms partly cash and partly credit, represented by notes of the vendee secured by mortgage on the property sold, can not be set aside by the father on the ground that the act evidenced in reality a donation to his daughter by which he had divested himself of everything he had, leaving himself nothing for subsistence, when the father has discounted the notes of his daughter to a third person, and the property has passed to a third purchaser in good faith before the suit for annulment of the act was instituted.

##### ON REHEARING.

One who sells property and declares in the deed that he has received ample consideration, is bound (in so far as relates to third persons) by his declaration

·until he shows, in the manner required, and by proper testimony, that the· asserted sale was without consideration and the declaration not in conformity with the facts.

A counter letter must be produced, or other-·:·e evidence duly filed, showing the unreality of the asserted sale.

O N APPEAL from the Civil District Court for the Parish of Or-· leans, *Rightor, J.*

*Arthur McGuirk and Chretien & Robin* for Plaintiffs, Defendants in reconvention, Appellees.

*Theodore Cotonio* for Defendant, Plaintiff in Reconvention, Appell-lant.

Submitted on briefs June 2nd, 1899.

Opinion handed down June 19th, 1899.

Rehearing refused, (reasons assigned), June 30th, 1899.

On application for rehearing by BREAUX, J.

The opinion of the court was delivered by

NICHOLLS, C. J. On the 6th day of July, 1896, the plaintiff, wife of John Lawson, filed a petition in the District Court, in which she averred that she was the owner of a certain piece of property in Square No. 386, and that she acquired same from the Southwestern Building and Loan Association in November, 1892.

That she had had continuous possession of the same since 1892 and that she had leased the same continuously and collected the revenues therefrom until the 30th day of June, 1896, when her tenants moved out of said property.

That before the said tenants had finished moving out of the premises her father, Robert J. Conolly, moved into the premises and violently took possession of the same and prevented petitioner or her agent from entering the same and exercising her ownership and previous uninterrupted possession, and that he was still in possession of the same.

That she was entitled by her ownership to the possession of said premises and that she desired to have it so decreed.

Lawson vs. Conolly.

That the proprety was worth more than two thousand dollars and the revenues of the same when rented were three hundred dollars per year.

That a writ of sequestration was necessary to protect her rights in the premises. She prayed for citation upon Robert J. Conolly and that there be judgment in her favor decreeing her as the owner entitled to the possession of said property, and that a writ of sequestration issue, directed to the sheriff, commanding him to take said property into his possession and collect any and all revenues therefrom, pending the suit.

The property was sequestered under orders of the Court.

On the 24th of December, 1897, defendant answered pleading first the general denial.

He specially denied that plaintiff was the absolute owner of the property. He averred that the property belonged to the community of acquets and gains between defendant and his deceased wife; that he had, under the law, a right of usufruct over the share of said community inherited by plaintiff from her mother, the wife of respondent, and he had never parted with, disposed of or alienated in any manner, shape or form his usufructuary rights. Assuming the position of plaintiff in reconvention, he averred that by act before Buisson, Notary, on October 21st, 1891, he had made a transfer to his daughter, the plaintiff, of defendant's share in the naked ownership of certain real estate situated in the City of New Orleans, among which was the property referred to in plaintiff's petition.

That said properties belonged to the community between himself and his deceased wife, Mrs. Catherine Cronan.

That although said act before Buisson, Notary, was styled an act of sale, the truth is and was that said act was a donation in disguise; that no money consideration was ever paid to defendant for said properties and said act had and could have had no other effect than a donation *inter vivos,* made by respondent to his daughter. He further averred in reconvention that his said daughter had continuously for the past year been guilty of cruel treatment and of grievous injuries towards him, had refused him food, she knowing full well that he was in distress, that he was advanced in years and had been suffering with a disease of his eyes and was otherwise unable to earn a livelihood, and although his condition was known to his daughter she

had refused to assist him and still refused to assist or provide for him, though he was in destitute circumstances.

That the cruel treatment, grievous injuries and refusal to provide food for him when he had donated to her all that he was possessed of, and the ability of his daughter and her husband to discharge their duties towards him, further made it necessary for him to ask for a revocation of the donation made by him to his said daughter.

That plaintiff in her present suit was endeavoring to oust him from the shelter which he then had and to throw him out into the street.

In view of the premises he prayed that plaintiff's suit be dismissed; that the writ of sequestration be dissolved with costs and damages, that there be judgment in reconvention in his favor revoking, annulling and setting aside the donation by him made to his daughter by the act before Buisson, the same as if said donation had never been made, and replacing him in reconvention in his rights of ownership in and to the said property as they were enjoyed by him prior to said act of donation. He prayed for general relief.

On February 25th, 1898, on motion of the attorneys for the plaintiff, on their suggesting that they were also then the attorneys of John J. Castell, and that the plaintiff with the consent of her husband had sold the property referred to in her petition to said Castell, making to him an absolute transfer and assignment of all her right, title, and interest thereto and interest therein, and that Castell should be made a party to the proceedings and should be placed in the rights and in the stead of the plaintiff, and should be in fact the plaintiff, it was ordered by the Court that said Castell be recognized as the plaintiff litigant in the proceedings as a party thereto.

On the same day upon motion of the said Attorneys acting for John J. Castell, and on their suggesting that the defendant had failed to bond the property sequestered though ample opportunity had been afforded him to do so, the said Castell was permitted to bond the same on a bond of Five Hundred Dollars, which was furnished and the sequestration released.

In May, 1898, defendant with leave of Court filed a supplemental and amended answer in which he declared that he averred and made part thereof all the facts and allegations of his original answer and plea in reconvention.

That in his opinion the answer of the plaintiff would assist him in making his defense and in support of his demand in reconvention

and that it was necessary that his daughter be ordered to respond on oath to certain interrogations propounded to her annexed to this answer and that in default of her answering the same they be taken for confessed.

The materiality of the answers for the purposes stated was sworn to by defendant's attorney.

The Court on the same day ordered the plaintiff to answer the interrogatories and file the answers in the Clerk's office not later than May 25th, 1898, and in default of her doing so, that the interrogatories be taken for confessed.

On the 23rd of May on motion of the Attorneys of Mrs. Lawson and on their suggesting that she had been ill and on account of said illness had not been able to make proper answers, and on suggesting that she desired further time to answer same and suggesting that she had not been granted under the order of the Court the delay allowed by law for citation to which she was entitled, she being a resident of the Parish of Tangipahoa, the Court ordered that an additional delay of ten days be granted to her to make answer to the interrogatories propounded and that she be reserved all of her rights and exceptions and defenses in the cause. On June 6, 1898, on motion of defendant's attorney suggesting that plaintiff had not answered the interrogatories propounded to her and that the delays granted by the Court for her doing so had expired, it was ordered by the Court that said interrogatories be taken for confessed.

On the 16th day of June, 1898, the attorneys of Mrs. Lawson, Plaintiff, moved to vacate the order of the Court taking the interrogatories for confessed, for reasons assigned, among others that the plaintiff had in point of fact answered the interrogatories on facts and articles at the time said *ex parte* order was granted (plaintiff had in point of fact answered the interrogatories on May 24th, 1898, and they were filed on June 6th, 1898, at forty-five minutes after eleven o'clock.)

On *June 27th,* 1898, plaintiff's attorneys moved to annul, vacate and set aside the order of the Court of May, 1898, ordering the plaintiff to answer interrogatories on facts and articles and excusing and dispensing her from answering, urging that it was granted improvidently and without warrant of law.

They averred that the reconventional demand set forth no legal or valid cause of action.

That plaintiff's action being a possessory action pure and simple,

even if said interrogatories were answered in the affirmative, they would be immaterial and irrelevant as being an attempt to try plaintiff's title in this proceeding which could not be done herein.

That even if defendant's reconventional demand sets forth a legal or valid cause of action or if defendant could be permitted to attack plaintiff's title herein, said demand is barred by prescription.

On the 10th October, 1898, defendant filed another supplemental and amended answer and plea in reconvention, in which he averred as an additional reason for setting aside the donation to his daughter that by and through said donation he had divested himself of all his property without reserving to himself enough for his subsistence and by law such a donation was inoperative and null.

He further alleged that prior to the institution of the present suit his daughter had sold to third parties a portion of the property donated to her for Four Hundred Dollars and he was entitled to recover from her that amount with interest.

There is in the record a motion of the plaintiff (Mrs. Lawson) to set aside the judgment of the Court ordering the interrogatories propounded to her to be taken up for confessed on the ground that no proper service was made upon her.

That she lived out of the Parish of Orleans; that interrogatories on facts and articles could only be propounded to her under a commission directed to an officer having proper qualifications to execute same before whom the answers to these interrogatories could be propounded, that in this case no commission was asked or issued and that no answer could be given to said interrogatories unless under auauthority of a Commission issued from the Court.

That the party interrogated living out of the parish, the affidavit for the interrogatories should have contained the affidavit of the materiality of the evidence to be adduced and that no such affidavit was made by the party propounding the same. This motion was filed as of February 4th, 1899, doubtlessly erroneously, as at that time judgment of the Court in the case had already been rendered.

Defendant's attorney on Nov. 28th, 1898, before the trial commenced, moved to strike out the answers from the record on the ground that they were filed too late after the legal delays had expired and an order of Court had been granted taking the interrogatories for confessed.

He asked contingently in the alternative that the answers to the

6th and 7th Interrogatories be stricken out for the reason that the first of them had not been either denied or affirmed as required by law and the 7th interrogatory had not been answered, the declaration made as answer not being responsive to the question propounded.

Defendant assigned as further ground for striking out the answers that they were false and untrue as appeared by the record and proceedings had in the succession of Mrs. Catherine Conolly of the Docket of the District Court and especially the judgment of Court putting the defendant, the surviving spouse in community, and the plaintiff, Mrs. Lawson, as heir, in possession of the property, in the proportion therein stated.

He made said judgment and proceedings part of his motion. He further objected that the answers were not sworn to and there was no *jurat* or affidavit to the truth of the facts stated.

No action seems to have been taken by the Court up to that time either upon this motion or those made by the plaintiff relative to the subject of the interrogatories on facts and articles propounded.

The case seems to have gone to trial without any action upon this particular motion.

When defendant undertook to offer evidence plaintiff objected, on the ground that an exception had been filed to the effect that the reconventional demand of defendant showed no cause of action and was inadmissable in an action like the present which was a possessory action pure and simple; that the evidence sought to be adduced would be in support of an attack upon plaintiff's title, which could not be brought in issue in this case. The Court overruled the objection on the ground that the plaintiff had virtually waived the exception as to the right of defendant to raise an issue as to ownership and had consented to the trial of the same.

To this ruling plaintiff reserved a bill.

On defendant's offering in evidence the interrogatories on facts and articles propounded to plaintiff and the order of Court taking the same for confessed, plaintiff objected upon the ground set up in her various motions on that subject which had not yet been acted upon, and called upon the Court to pass upon the same, and determine the same and whether the order taking the interrogatories for confessed should stand or be set aside.

The Court overruled the motions and objections as going to the effect, and plaintiff's counsel reserved a bill of exception. The Dis-

trict Court rendered judgment in favor of John J. Castell, decreeing him to be the owner of the property and entitled to the possession thereof and maintaining and perpetuating the sequestration.

It further dismissed defendant's reconventional demand at his costs.

In his reasons for judgment the judge said: "I have taken this case too long under advisement and have given it a more than usual patient and attentive consideration. Strongly enlisted as my human sympathies have been in behalf of a very old man in great need and in great affliction, who honestly believes himself to have been badly treated by his daughter, on full consideration of all the evidence, oral and documentary, Buisson's notarial act bearing with it a generous liberality by a father to his child—perhaps an imprudent liberality— seems to me properly an act of sale as it imports, and not a donation.

"As to the revocation of the act, should it be looked upon as a donation, I do not think there is sufficient evidence either of ingratitude or of that self divesture of all means of support which the law requires."

Defendant appealed.

### OPINION.

Plaintiff's action against defendant as brought is a possessory one.

She avers that being in possession of the property described in her petition on the 30th of June, 1896, and having been so continuously since November, 1892, when she acquired the property from the South-Western Building and Loan Association, the defendant on the 30th of June violently took possession of said property just as certain tenants of hers who had been occupying the premises were leaving, but before they had fully vacated the same, and prevented the plaintiff's agent from taking possession of the same.

After this petition was served and before defendant answered, the plaintiff sold the property to one John J. Castell, for three thousand dollars, he paying the plaintiff five hundred dollars cash and furnishing his notes for twenty-five hundred dollars with special mortgage granted, and vendor's privilege reserved on the property bought, to pay said notes. There existed at the date of said purchase an outstanding mortgage and vendor's privilege in favor of the South Western Building and Loan Association amounting to sixteen hundred and seventy-six dollars, and which the purchaser took up and paid.

One William Renaudin intervened in the act of sale as being the

Lawson vs. Conolly.

last holder of the promissory note for five hundred dollars payable two years after date, executed by the plaintiff to her own order and endorsed and delivered by her to her father when she acquired the property from him, who declared that said note had been paid and presenting the same to the notary before whom the last sale was made, authorized and required him to have the mortgage securing said note erased from the record.

Castell on becoming the owner of the property under this act made himself a party plaintiff, in plaintiff's suit.

Defendant in his original answer filed after this action was taken, after pleading the general issue, substantially admitted having taken possession of the property, but justified his having done so upon the ground that the property belonged to the community of acquets which had existed between himself and his deceased wife, Catherine Cronan, and at her death vested in himself and the heirs of his wife.

That he had usufructuary rights as surviving husband of which he had not divested himself, that what purported to be a sale to plaintiff of his interest in this particular property by act before Buisson, was not really such but a disguised donation. That since said donation was made and within a year of the institution of her suit, his daughter had been guilty of cruel treatment and grievous injuries to him; that although he was in distress and destitute circumstances, advanced in years and suffering with a disease of the eyes which prevented him from earning his living; his daughter, though well knowing his condition, had refused him food and refused to assist or provide for him.

That his daughter was, through the suit brought, attempting to oust him from the shelter which he then had, and to throw him out into the street. That he was entitled to have the donation made by himself to his daughter revoked and annulled and to have himself replaced in his rights of ownership of said property as if said donation had not been made; his right of possession and enjoyment recognized, and the sequestration set aside. Defendant did not claim in this answer that the transfer to the daughter was a simulation. He averred that the act was in reality a donation to the daughter, and he assumed practically that if in point of fact his daughter after the donation treated him cruelly or refused him food, the effect of such conduct was to render the donation absolutely null and void and to entitle him at once to take possession of the property.

III

Defendant's position in this matter, assuming the act before Buisson to have been a donation as claimed was incorrect for two reasons, first because as between the parties themselves the question whether the daughter had really been guilty of cruel treatment of her father and had refused him food, was matter *in pais* to be established by evidence and until established the donation would stand; and second, because in this particular case, before the defense was set up, the rights of third parties intervened. Defendant's counsel seeks to break the force of this last ground by invoking the provisions of Art. 2453 of the Civil Code and Act No. 3 of 1878, but at the time of the sale to Castell, no direct suit for the revocation of the donation for ingratitude had been brought nor had such a claim been yet asserted by way of reconvention. It is not claimed that Castell, the purchaser, was in collusion with the plaintiff, or had any knowledge of what defense would be made. As matters stood the sole question in the suit was one of possession. Article 1561 declares that revocation for ingratitude affects neither the alienation made by the donee nor the mortgages nor real incumbrances he may have laid on the thing given, provided such transactions were anterior to the bringing of the suit of revocation.

The second defense set up by defendant, that the act before Buisson was in reality a donation to his daughter and that by the donation he had divested himself of all his property and means of support, was made at a still later date and introduced new issues in the case. We will refer to this defense later.

After Castell had purchased the property and had become a party to the suit Conolly propounded certain interrogatories to his daughter.

The third interrogatory sought to establish that at the date of her mother's death, September 30, 1890, plaintiff had no means or moneys, and the fourth, that all the means which plaintiff had was that which her mother left her.

In the fifth interrogatory plaintiff was asked whether it was not true that on the 21st of October, 1891, the date of the Buisson act, or at any time prior to that date, she did not have in her possession or under her control, the sum of three thousand dollars.

In the sixth interrogatory she was asked whether it was not true that she had not given, paid or handed over to her father the sum of three thousand dollars in cash on the 21st of October, 1891, and in the seventh she was asked to declare when, where and from whom she

had gotten the money, if she stated that she had made such payment.

A considerable part of the briefs of parties is taken up in discussing whether the interrogatories in question could ever have rightfully been propounded to the plaintiffs; whether they were ever served on her; whether she was called on to answer them; whether she had answered them in time; whether they should or should not have been taken for confessed, and whether the judge's order to that effect was or was not correct; whether the answers actually made to the interrogatories should be considered or not. There is no real necessity for discussing or passing upon these questions, for, whether we disregard altogether both questions and answers, or whether we consider the questions asked as having been confessed, or whether we consider the questions as actually answered; the result of the issues in this case would be the same. It will be seen, however, that the interrogatories were propounded to Mrs. Lawson after she had disposed of the property and after a third party had become the owner thereof with no charge of fraud or simulation directed against him and as against whom even a counter letter would have no effect (C. C. 2236); also that while the original order of the court directed the plaintiff to answer the interrogatories and file her answers not later than on the 25th of May, 1898, in the clerk's office, yet the court on the 23rd of May, granted her an additional delay of ten days "to answer" without fixing a day for the filing of the same, and that she did in point of fact answer on the 24th of May, though the answers were not filed until after the expiration of the delays "to answer." Whether or not she conceived that she was directed simply to answer within the extension and not ordered to file the answers within that time, we do not know, nor do we need now determine whether in a proper case the delay would have been fatal. Littlejohn vs. Cox, 15 Ann., 67.

In granting the order of extension, the court reserved to plaintiff "all her exceptions and defenses." We do not think that in the decision of any of the various motions made in respect to the interrogatories on facts and articles that the question of waiver or estoppel would have or should have played any part. The plaintiff entered a timely exception to any issue being raised in the case other than one as to possession and right of possession and the interrogatories asked did not bear upon that issue.

Leaving the rights of Castell entirely out of view and giving to

the defendant the full benefit of considering the interrogatories propounded by him to the plaintiff as having been confessed, they would only go to show that at the time of the act before Buisson, between the father and herself, she had no means other than the property left her by her mother and that she had not the means to pay and did not in point of fact pay the three thousand out of the four thousand dollars declared to be the price of the property purchased.

The fact would still remain that she did at that time execute her two notes to her own order, and by her endorsed, secured by mortgage and vendors privilege on the property, and did deliver the same to her father, who negotiated and received the money upon them from a third person.

It can scarcely be claimed that under such conditions the act before Buisson evidenced a donation pure and simple. She was already the owner at that time, by right of inheritance and under the will of her mother, of one undivided third of the property and unquestionably bound herself and her property to the extent of the two notes.

It is claimed that part of the money so received by the father was made use of afterwards by him for the benefit of his daughter. That may be true as a fact, but it would not change the legal character of the act.

While for the purpose of discussing we have considered the situation simply as between father and daughter, there are, in fact, other interests involved which would control the judgment in this case adversely to defendant, no matter how it would or could have been decided with no parties concerned other than the original parties to the suit.

After the plaintiff had become owner of the property under the terms of the Buisson act, she evidently entered into the South Western Loan and Building Association, and that association, as is customary in corporations of that kind, caused her first to transfer the property to it and subsequently resold it to her under retention of a vendor's privilege, and mortgage for money loaned her.

It was this mortgage which was outstanding at the time of the sale to Castell, and which Castell took up. The defendant has not offered to restore the amount of the notes negotiated by him and which indications point to as having been paid either by the South

Western Building and Loan Association itself or by plaintiff. or by Castell.

Under such conditions it would be impossible for defendant to set aside. the act even were we to view it as a donation, pure and simple, from father to daughter, and though the testimony should have established beyond question acts of ingratitude and cruelty of the latter to her parent.

We think it just to the plaintiff to say that we reach the same conclusion on this point that the district court did.

We think the defendant has exaggerated his supposed wrongs. The daughter doubtless has not been as forbearing nor as kind to her father as she should have been to one so close in blood to her, one so old and seemingly in trouble and distress, but that is something other and different from what the defendant charges. The last ground of attack urged by the defendant was set up in an amended answer which does not appear to have been filed with leave of court. The attack is upon the ground that the act between himself and the plaintiff was not only a donation to her but a donation of all he possessed.

If the act had been on its face an act of donation, and the fact had been such as defendant claims it to have been, it may be that the donation could have been set aside even to the prejudice of third parties who had purchased the property, but with the act standing as it did professedly as an act of sale with terms fixed partly for cash and partly for notes of the purchaser, secured by special mortgage and vendor's privilege on the property purchased, the ostensible vendor placed it out of his power to advance as against parties who dealt with the apparent vendee on the strength of the public records, that the act was not one of sale but of donation and a donation of all the donor's property.

We are of the opinion that the judgment of the district court is correct and it is hereby affirmed.

## ON APPLICATION FOR REHEARING.

BREAUX, J. Defendant and appellant complains of an error in the court's opinion in stating that the transfer of the property defendant claimed (in his reconventional demand) was made prior to the defense set up in behalf of Castell, who bought it from Mrs. Lawson.

Defendant charges that not only the property was transferred by

his daughter, plaintiff, to Castell after his reconventional demand setting up his right to the property had been filed, but that in addition, Castell, the purchaser, had full knowledge of the defendant's claim and in consequence took the property *cum onere*.

We readily grant that defendant is in the right as to date, *i. e.*, that the reconventional demand in question was filed on the 24th day of December, 1897, and that the transfer and sale by Mrs. Lawson to Castell was only made on the 14th day of January, 1898.

There remain, however, ample grounds to compel us to decline to grant the application here made for a rehearing, without considering questions relating to the date of transfer and sale relatively to the date of filing of defendant's plea in reconvention.

In meeting defendant's averment that 'it appears of record, that Castell had knowledge of defendant's claim, we state that Castell only became a party to the suit in February, 1898. The record does not disclose that prior to that time Castell had any knowledge of the fact that defendant laid claim to the lot which he bought from plaintiff, Mrs. Lawson.

We read the testimony again, and did not discover that Castell, the purchaser, prior to his purchase and prior to his becoming a party to this suit in February, 1898, for the purpose of protecting his title, had any knowledge of defendant's claim.

While we do not wish to lessen the force of the law, (Statute 3 of 1878) which renders null a title made after a suit has been brought for the property, which the defendant and vendor undertook to sell if the sale be decreed null between plaintiff and defendant, we doubt very much if a vendee can be made to return property sold, because in the course of a litigation, a defendant, incidentally, as it were, files a plea in reconvention, claiming the property, which he himself had sold, and the title to which he himself caused to be placed of record, unless the vendee had some knowledge of the claim in some way.

But be that as it may, we pass to the next ground in matter of defendant's claim for a rehearing, that is, the consideration *vel non* of the sale whereby the defendant chose, as relates to notice on the public records, to divest himself of his title in favor of his daughter.

Defendant sought to probe the conscience of plaintiff by propounding to her interrogatories on facts and articles. She answered among other things, that the property belonged to her; that she gave good consideration therefor.

These answers were made in time, before an officer duly authorized, but were filed too late in court.

The interrogatories were taken pro confessis. Here there is some question about the ruling of the district court taking them for confessed.

We think that the district court's ruling was in accordance with the requirement of the code of practice, and that the interrogatories were properly taken pro confessis.

In effect, taking the interrogatories for confessed, proves that plaintiff, who was defendant's vendee, had no money at the time she became the vendee of the property, and that she did not pay to her father the three thousand dollars the deed declares were paid by the daughter to the father.

We turn to the sale, and from its declarations, we are informed that the consideration it sets forth consisted of four thousand dollars, three thousand dollars cash, and for the remaining one thousand dollars, purchaser furnished two promissory notes, for the sum of five hundred dollars each, made payable respectively at one and two years. The notes were by the effect of transaction between plaintiff and third persons satisfied and paid.

After plaintiff became the owner in 1891, she conveyed the property (in 1892) to the Southwestern Building and Loan Association, and the same year re-acquired by conveyance from that association.

It follows that the association was vendor's author.

He, Castell, the purchaser, paid five hundred dollars and furnished notes for the remainder.

The interrogatories taken for confessed were filed on the 18th day of May, 1898.

The order to plaintiff to answer was given the same day.

It follows that the order to have them taken pro confessis must have been given after that time.

We have seen that the sale by defendant to plaintiff was made in January, 1898.

If a counter letter had been taken by defendant as vendor of the property, it could only have had effect as to third persons from the time chosen by him to let it be known in manner required that he held it. The same rule, we take it, should govern here. It became evident (if evident at all) only on the day that the order was made to

State ex rel. Lafitte vs. Judge.

have taken for confessed plaintiff's answer to interrogatories on facts and articles that the father had claims on the property.

From that day only, in our judgment, Castell, vendee, party to the suit, could be held bound as having been duly notified.

Moreover, we have a second time read the evidence admitted without objection, and have not arrived at the conclusion that plaintiff's title was as void of all consideration as defendant contends.

Further, those who, having confidence in their children, place deeds of record, conveying title to them, even if without full consideration, must be held to the principle governing registry. Third persons can take for granted the verity of a vendor's declaration transacting with his own daughter, until the contrary is made manifest by sufficient evidence.

Rehearing refused.