Nos. 3817—3818

Second Circuit

HOOD ET AL. v. HOOD ET AL.
TABOR v. HOOD ET AL.

(June 2, 1930. Opinion and Decree.)
(July 5, 1930. Rehearing Refused.)

Dhu Thompson, of Monroe, attorney for plaintiffs, appellants.

Munholland & Munholland, of Monroe, attorneys for defendants, appellees.

DREW, J. These two suits are based upon the same state of facts and involve the same questions of law. Both seek to set aside and annul a notarial act of sale of land made by the plaintiffs to the defendant F. Malcolm Hood upon the ground of non-payment of the purchase price.

The plaintiff Mrs. Mary L. Hood, in suit No. 3817, is surviving widow of J. E. Hood, deceased, and the other plaintiffs are two of the daughters of J. E. Hood, deceased, who were minors when the act of sale of which they complain was executed, but have since become majors or emancipated by marriage. Mrs. Mary L. Hood's only interest in the suit is that she was tutrix of the other two plaintiffs at the time of the sale and will be liable to said heirs if they should fail in this suit. The plaintiff in suit No. 3818 is another child of J. E. Hood, deceased, and the defendant F. Malcolm Hood is the fourth and only other child.

J. E. Hood died intestate in the year 1920, leaving no debts and four hundred acres of land unincumbered. The family continued to reside on the place, which was community property, being inherited, one undivided half by the four children, and the other half by the widow in community. Defendant F. Malcolm Hood went into the mercantile business and also operated the farm, and within a few years had become very greatly involved and was unable to pay his debts. One of the creditors of F. M. Hood, Beal-Burrow Dry Goods Company of Little Rock, Ark, filed suit against him and took judgment for the sum of $1,722.79, less some small credits. This judgment was rendered on June 10, 1924. No steps were taken to execute the judgment until September 20, 1929, when a fi. fa. issued and the four hundred acres above spoken of as having been left by J. E. Hood, deceased, were seized; thereupon, the aforesaid suits were filed.

On the 24th of April, 1926, Mrs. Mary L. Hood, tutrix for the minors, Thelma Hood and Myra Hood, both of whom are now of age or emancipated, acting upon the authority of a family meeting held in the interest of said minors, the recommendations of which were approved by the court, sold and transferred to F. Malcolm Hood the undivided interest of said minors in the four hundred acres of land inherited by them from their father, J. E. Hood, being one-fourth of the said four hundred acres, for the stipulated price of $1,500, which the deed recites was cash in hand paid, the receipt of which was acknowledged. This deed was passed regularly before a notary public in and for the parish of Lincoln and was duly recorded in the conveyance records of Lincoln parish on May 3, 1926.

On April 29, 1926, before a notary public in and for Caddo parish, La., the other plaintiff, Mrs. Eva Hood Tabor, executed a deed to her brother, F. M. Hood, to her undivided one-eighth interest in the four

hundred acres of land, the consideration stated being $750, and the deed recites that it was paid cash in hand and receipt of same acknowledged. This deed was recorded in the conveyance records of Lincoln parish, La., on May 18, 1926.

On March 11, 1926, Mrs. Mary L. Hood sold to her son F. M. Hood her one-half undivided interest in and to the four hundred acres of land, and same was duly recorded in the conveyance records of Lincoln parish. This deed has nothing to do with this suit other than to show that the defendant F. M. Hood acquired by deeds of record all outstanding interest in the four hundred acres of land, he having inherited one-eighth interest.

The sheriff of Lincoln parish, acting under order of a fi. fa. issued in the case of Beal-Burrow Dry Goods Company v. F. M. Hood, seized the four hundred acres of land and advertised same for sale, when these two suits were filed, wherein plaintiffs ask that the sales from Thelma and Myra Hood to F. M. Hood and from Mrs. Eva Hood Tabor to F. M. Hood be annulled and set aside for the reason that the consideration set out in said deeds had never been paid and praying for an injunction against Beal-Burrow Dry Goods Company and the sheriff of Lincoln parish, enjoining them from selling the three-eighths of the four hundred acres, as shown by said deeds from plaintiff to F. M. Hood. Due to inability to have a hearing on rule nisi, they prayed for a temporary restraining order, which was granted by the court, and the rule to show cause why preliminary injunction should not issue was fixed for trial. In conjunction with their suits, plaintiffs propounded interrogatories on facts and articles to the defendant F. M. Hood, which he answered in open court, admitting that he had never paid plaintiffs any part of the consideration set out in the same deeds.

Before the interrogatories on facts and articles had been answered by the defendant F. M. Hood, the defendants herein filed motions to dissolve the restraining order upon the grounds that the petition did not disclose a right or cause of action and that plaintiffs are estopped from attacking the verity of the recitals of the authentic acts of transfer and sale wherein they conveyed the property to the judgment debtor F. M. Hood for a cash consideration. They also prayed for damages in the sum of $150, as attorney's fees for dissolving the restraining order.

Defendant also filed motion for a recall of the court's order and rule to show cause why a temporary injunction should not issue, which motion is based upon the same grounds as the motion to dissolve the restraining order. The lower court referred these motions and exceptions to the merits of the case. Defendant then answered, and the whole matter in contest was put at issue.

Defendant contends that the testimony of F. M. Hood in answer to interrogatories on facts and articles is not admissible, as being in contravention of the provisions of the Civil Code of Louisiana and the jurisprudence of this state. These objections were made at the inception of the trial and before the answers to the interrogatories were offered.

To decide this point is to decide the case, and the jurisprudence of this state is well settled that the vendor may by interrogatories on facts and articles propounded to the vendee show that the consideration, stated in an act of sale to have been paid, has in reality not been paid.

In Newman v. Shelly, 36 La. Ann. 100, the court said:

"The right of parties to authentic acts, and their privies to contradict their recitals as to payment of price and to establish their simulation, etc., by means of the answers of the other party to interrogatories on facts and articles, is fully recognized by the authorities. Such answers have all the effect of a counter-letter. Hewlett v. Henderson, 9 Rob. 379; Semere v. Semere, 10 La. Ann. 704; Forest v. Shores, 11 La. 418; Succession of Thomas, 12 Rob. 215."

Crozier v. Ragan, 38 La. Ann. 154, and Godwin v. Neustadtl, 42 La. Ann. 735, 7 So. 744, also reaffirm the ruling in Newman v. Shelly.

It is hornbook law in our jurisprudence that the verity and reality of authentic sales can be assailed by the parties thereto only in two ways, viz.: First, by means of a counter letter; second, by the answer by the other party to interrogatories on facts and articles. Or where fraud and error are alleged or proved. Robinson v. Britton, 137 La. 863, 69 So. 282; Franklin v. Sewall, 110 La. 292, 34 So. 448; Harris v. Crichton, 158 La. 358, 104 So. 114; Maskrey v. Johnson, 122 La. 791, 48 So. 266; Wells v. Wells, 116 La. 1065, 41 So. 316; Le Bleu v. Savoie, 109 La. 680, 33 So. 729; Godwin v. Neustadtl, 42 La. Ann. 735, 7 So. 744.

Plaintiffs do not allege or claim there was any fraud practiced or any error in executing the deeds. There was no counter letter taken; therefore the plaintiffs proceeded in the only manner allowed them by law in propounding interrogatories on facts and articles to their vendee, and the exception of no cause and no right of action and motion to recall the restraining order and rule to show cause were properly overruled by the court.

Defendants have not been injured in any way by the acts of the plaintiffs and were not induced to change their position or act differently from the way they would have acted otherwise; therefore, the plea of estoppel was properly overruled. Wilkinson v. Macheca, 158 La. 183, 103 So. 733.

Plaintiffs' contention that they were never paid for the land they sold to defendant F. M. Hood is, we think, borne out by the record. It seems that the understanding was that F. M. Hood was to use the land for the purpose of borrowing money from an insurance company, and was to pay the plaintiffs out of the money he borrowed. He failed in making the loan and, therefore, never paid for the land.

The only testimony in the record bearing on the annulment of the sales is the answers to interrogatories on facts and articles by defendant F. M. Hood, and he testified in answer thereto that he had never paid for the land. No other evidence was offered, and properly so, for parol evidence other than answers to interrogatories would not have been admissible as between the vendor and vendee.

As between the plaintiffs and the defendant F. M. Hood, there can be no question about the right of plaintiffs to recover and to have the sales annulled, and the only question now before the court is: What rights, if any, has the defendant Beal-Burrow Dry Goods Company, and is their right such as to prevent the cancellation of the deeds without first paying the amount of its judgment to the plaintiffs?

Beal-Burrow Dry Goods Company acquired judgment against the defendant F. M. Hood in the year 1924, and the deeds involved therein were not executed until 1926, and

certainly Beal-Burrow Company did not advance any credit to defendant Hood on account of this land being in his name on record. If Beal-Burrow Company had advanced credit to defendant after the placing of these deeds of record, relying in good faith on his owning this land, they would have a just cause to complain. For one who permits property actually his to stand on the records as that of another person must respect the rights of parties who have dealt in good faith with the apparent owner on the faith of the public records, and by reason of a condition of things superinduced or permitted by himself, and whatever right he has must be subordinated to those of innocent third parties, and there is no doubt that if this situation exists, it cannot be undone by means of a counter letter subsequently placed of record or by interrogatories on facts and articles. However, if the parties can be placed all in the same position as they were before the acts were placed of record and no one has acted or advanced credit on the faith of the records, then the acts of sale can be canceled and annulled by propounding interrogatories on facts and articles or by counter letter. Succession of Robt. Manson, 51 La. Ann. 137, 25 So. 639; Stewart v. Newton, 12 La. Ann. 622; Succession of Tabary, 31 La. Ann. 415.

Only creditors who have become such subsequent to the filing and recording of an authentic cash deed to their debtor, or who have been misled or acted on the faith of such document, can have an interest to oppose the annulment of the purported cash deed on the ground of the non-payment of the purchase price. Ragsdale v. Ragsdale, 105 La. 405, 29 So. 906; Viguerie v. Hall, 107 La. 775, 31 So. 1019.

In the case of Chandler v. Burkhalter, 10 La. App. 576, 121 So. 353, this court held that a cash deed could be annulled and rescinded on the ground of non-payment of the purchase price, where a draft given by the purchaser had not been paid upon presentation, even though the property had been attached by a creditor of the purchaser.

Defendant Beal-Burrow Dry Goods Company will be placed in the same position they were before the deeds were recorded if same are canceled, and they have not been injured in any way by the filing and recording of these deeds.

The judgment of the lower court, we think, is incorrect and should be reversed. Defendants acted on the faith of the record in issuing the fi. fa. and were in good faith, and it is just and right that they should not be forced to pay the costs of these proceedings, but that the costs should be borne by the parties seeking relief from their own laches.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and that there be judgment in suit No. 3817 in favor of Mrs. Mary L. Hood, Thelma Hood, and Myra Hood and against the defendants Beal-Burrow Dry Goods Company and A. J. Thigpen, sheriff, perpetuating the injunction and enjoining and restraining them from ever selling the one-fourth undivided interest in the NW¼, W½ of NE¼, SE¼ of NE¼ and NE¼ of SE¼ of section 35, and W½ of SE¼ of section 27, all in township 19 north, range 4 west, Lincoln parish, La., to satisfy the claim of Beal-Burrow Dry Goods Company against F. M. Hood, and that they have and recover judgment against F. Malcolm Hood cancelling and annulling that certain deed dated April 24, 1926, of Mrs. Mary L. Hood, tutrix of the minors, Thelma Hood and

Myra Hood, to F. Malcolm Hood, covering one undivided one-fourth interest in and to the above-described land, ordering said deed canceled from the conveyance records of Lincoln parish, La., and declaring Thelma Hood and Mrs. Myra Hood McMahon to be the true and lawful owners of an undivided one-fourth interest in and to the above-described four hundred acres of land.

It is further ordered, adjudged, and decreed that in case No. 3818 there be judgment in favor of Mrs. Eva Hood Tabor and against the defendant Beal-Burrow Dry Goods Company and A. J. Thigpen, sheriff of Lincoln parish, La., enjoining and restraining them from ever selling one-eighth undivided interest in and to the above-described four hundred acres of land to satisfy the claim of Beal-Burrow Dry Goods Company against F. Malcolm Hood. It is further ordered, adjudged, and decreed that Mrs. Eva Hood Tabor do have and recover judgment against the defendant F. Malcolm Hood, decreeing her to be the owner of an undivided one-eighth interest in and to the four hundred acres above described and ordering the canceling and annulling of that certain deed from Mrs. Eva Hood Tabor to F. M. Hood, dated April 29, 1926, passed before Isadore Holland, notary public in and for Caddo parish, La., to F. M. Hood, to one undivided one-eighth interest in and to the four hundred acres above described and ordering same canceled from the conveyance records of Lincoln parish, La.

It is further ordered, adjudged, and decreed that the costs of both courts be paid by the plaintiffs and appellants.