BRUNOT, Justice.
 

 The plaintiffs in this suit are the surviving children and grandchildren of Benjamin F. Nugent and his wife, Mollie Nu-.gent. Benjamin F. Nugent died, intestate, on September 2, 1900, leaving an •estate consisting of his community interest in the following described property:
 

 “The Southeast quarter of the Northwest Quarter of Section Thirteen, Township Twenty-three North, Range Sixteen West, in Caddo Parish, Louisiana.”
 

 He was survived by his wife and seven •children, viz.: Lillie, John, Sudie, George, Walter, Myrtle, and Pearl. The above-described property was the family homestead. The assessed value thereof, in■cluding the land, the improvements there•on, and a few head of cattle, totaled the ■modest sum of $720. Pearl Nugent, one •of the surviving children of the deceased and Mollie Nugent, is an interdict. She 'has been an imbecile from infancy. Sev■eral of the grandchildren, who claim by virtue of representation, are minors, but the said interdict and minors are properly represented herein. It is conceded that the one-fourteenth interest of Pearl Nugent, the interdict, in the succession of her deceased father, has never been divested, and therefore it is not contested in this suit, but her alleged one-fourteenth interest in the succession of her deceased mother is put at -issue by the pleadings.
 

 The defendants are the widow and heirs of A. C. Pitts, deceased, and all lessees and grantees of oil and gas leases or of mineral sales affecting the properties involved in this suit, and all persons claiming acquired rights and interest under and by virtue of said leases and grants.
 

 The record discloses that on the 13th day of October, 1920, ten years, one month, and eleven days after the death of Benjamin F. Nugent, his widow, Mrs. Mollie Nugent,‘and five of the surviving children of herself and Benjamin F. Nugent, deceased, viz., Lillie, Sudie, George, Walter, and Myrtle, conveyed to John Nu-gent, the eldest son of the Nugent family, by an act of sale passed before A. C. Pitts, notary public, and filed for record December 11, 1920, and recorded in Conveyance Book 152, p. 594, “with full warranty of title,” all of their right, title, and interest in and to the property described supra, for the following recited consideration :
 

 “This sale is made for the consideration of the sum of one dollar, cash in hand paid, receipt of which is hereby acknowledged, and other valuable Considerations.” •
 

 
 *27
 
 The sale was witnessed by Lorine Zyllcs, a granddaughter of Mrs. Mollie Nugent, and Mattie L. Pitts, the wife of the notary public. The sale is recorded in Conveyance Book 152, p. 594, of the Conveyance Records of Caddo Parish, La. John Nu-gent, the vendee, did not sign the deed, but the record shows that he thereafter exercised ownership of the property, that he executed a mineral, oil, and gas lease affecting it, and on January 29, 1925, mortgaged it to A. C. Pitts. This mortgage shows that John Nugent and his brother, George Nugent, who owned other property, mortgaged their respective properties, in globo, to A. C. Pitts, to secure their in solido note for $2,000, due December 15, 1925. Some time after the maturity of the note, A. C. Pitts died, leaving an estate consisting, in part, of his community interest in the past-due, unpaid balance of said mortgage note. He was survived by his widow, Mrs. Mattie Pitts, and two children, viz., Ruby Gladys Pitts and Mancell G. Pitts. The succession of the deceased was opened and his widow and heirs were recognized and sent into possession thereof. The widow and heirs obtained a judgment, via ordinarie, with a recognition of their mortgage, against John and George Nugent,' and had the mortgaged property seized and sold, in globo, in execution of a writ of fieri facias. At the sheriff’s sale the property was adjudicated to Mrs. Pitts and the two heirs named supra. After said adjudication, the widow and heirs of the deceased, as the record owners of the property involved in this suit, executed mineral, oil, and gas leases and mineral sales affecting said property.
 

 The plaintiffs attack the deed from Mrs. Mollie Nugent and the five forced heirs of Benjamin F. Nugent, deceased, to John Nugent. They allege that it is null and void ab initio for the following reasons :
 

 “(a) No price was paid and none agreed to;
 

 “(b) It divested the grantors of all of their property;
 

 “(c) It was not accepted.”
 

 The plaintiffs also attack the sheriff’s sale of the property mortgaged to A. C. Pitts by John and George Nugent, to secure their in solido note for $2,000. They allege as their grounds for attacking this sale the following:
 

 “(a) Advertising and selling the property, in globo, was unauthorized, illegal and prejudicial to mortgagors and owners.
 

 “(b) It was uncertain as to the thing sold and embraced property other than the mortgagors.
 

 “(c) The property was not seized under the writ, any recital in the return to the contrary notwithstanding.
 

 “(d) Notice of seizure was not served on mortgagor, John F. Nugent, nor on any person appointed legally to receive such notice for him.
 

 “(e) No pretense of notice was given to the owners other than mortgagors.”
 

 The defendants first filed an exception of misjoinder of parties. The exception was overruled. They next excepted
 
 *29
 
 to the cumulation of causes of action. This exception was overruled. An exception of vagueness followed, which was also overruled.
 

 Answers were then filed by the defendants, in which all of the material averments of the petition are put at issue, except as to the one-fourteenth undivided interest of Pearl Nugent, the interdict, in the succession of her deceased father, and in which the defendants specially plead estoppel of all of the plaintiffs, and, assuming the attitude of plaintiffs in reconvention, they allege that the plaintiffs aré slandering their title to the property involved in the suit. The judgments prayed for by the plaintiffs and defendants conform to the allegations made in their pleadings.
 

 After the trial of the case began, the defendants pleaded the unconstitutionality of section 1, subsection (18), of Act No. 179 of 1918. For lengthy and well-considered written reasons (Trans, pp. 223 to 229, both inclusive), subsection (18) of section 1 of Act No. 179 of 1918 was held to be constitutional. Thereupon counsel for all of the defendants filed exceptions of no right and no cause of action. The trial then proceeded to its conclusion without any action by the court upon the said exceptions. The trial resulted in the annulment of the sale by Mrs. Mollie Nugent, and Lillie, Sudie, George, Walter, and Myrtle Nugent to John Nugent; the annulment of the sheriff’s sale, in so far as it purports to convey more than five-sevenths of the property described in the sale from Mrs. Nugent and her five children to John Nugent; recognizing all of the plaintiffs, except John and George Nugent, as owners, in indivisión, of five-sevenths of said property; maintaining the defendants’ plea of estoppel as to John and George Nugent only; recognizing Mrs. Pitts and her two children as owners, in indivisión, in the proportion of one-half to Mrs. Pitts, and one-fourth to each of her children, of two-sevenths of the property described in the aforesaid deed to John Nugent, and the whole of all other property conveyed by the said sheriff’s deed, subject to the mineral, oil, and gas leases and sales of minerals described in the judgment; otherwise rejecting the defendants’ reconventional demands; reserving to all other defendants the exercise of their respective rights granted by or flowing from the mineral leases and sales mentioned in the judgment; and taxing John and George Nugent with two-sevenths and the defendants, in solido, with the balance of the costs of the suit.
 

 The defendants perfected a suspensive appeal from the judgment; and two of the plaintiffs, John and George Nugent, perfected a devolutive appeal therefrom.
 

 The defendants contend that the deed to John Nugent, executed by his mother and five of his coheirs, of their interests in the Nugent homestead, contains all of the essentials of an authentic act of sale; that a recited price therein of one dollar, and other valuable considerations, is sufficient to convey title to the property; that third persons acquiring title thereto or rights thereunder from the record owners, on the faith of a public record, may presume that an adequate consideration was paid, and
 
 *31
 
 the recitals of the deed cannot be impeached to their prejudice, especially by oral testimony, and after the vendors have acquiesced in. the recitals of the deed for fifteen years after its recordation; that plaintiffs have not alleged fraud or error as a basis for attacking the deed; that an acceptance by the vendee is established when it is shown that the property was thereafter assessed to him, and was mortgaged by him to secure an in solido debt due by him and George Nugent, his brother, who was one of his vendors of the property.
 

 It is shown that the property was of little value when it was conveyed to John Nu-gent, but after the lapse of .years, and subsequent to its being adjudicated to Mrs. Pitts and her two children, at the sheriff’s sale thereof, the lands immediately surrounding it were developed into a proven and productive oil field, with the result that the value of the property here involved was increased immensely, and this suit followed.
 

 In considering the several issues presented, we are chiefly impressed by the defendants’ plea of estoppel and their plea of the prescription of five and ten years under articles 3542 and 2221 of the Revised Civil Code. It is a well-recognized rule that, in the absence of simulation, fraud, or error, persons who execute what appears to be a notarial act, which they permit to remain of record for fifteen years without question, are estopped from asserting that such instrument was not a notarial act. In the case of Read v. Hewitt, 120 La. 288, 45 So. 143, 144, this court said:
 

 “The transfer from Lyles to Dunn is an executed contract of more than 20 years’ standing. The vendor is not permitted to question the sale he has madej and no third person can assail the same, without alleging and proving simulation or fraud to his prejudice. Wolf v. Wolf, 12 La.Ann. 529.”
 

 From the cited, case of Wolf v. Wolf, we quote the following:
 

 “The vendor himself is not permitted to question the sale he has made, unless he has reserved a counter-letter, or relies on the answers of his adversary to interrogatories on facts and articles.”
 

 In the case of Doiron v. Lock, Moore & Co., 165 La. 57, 115 So. 366, 368, the court said:
 

 “Neither the said vendor, nor any person claiming under her, is permitted to question the sale she has made without alleging and- proving simulation or fraud to her prejudice. See Read v. Hewitt, 120 La. 288, 45 So. 143.”
 

 In the case of Waller v. Colvin, 151 La. 765, 92 So. 328, 332, this court said:
 

 “The authorities cited by able counsel for defendants, holding that the donation could be declared null because of proof that it divested the donor of the means of subsistance, and that no estoppels are admissible to validate the transfer, all relate to contests between the original parties to the donation. Jaco v. Jaco, 129 La. [621] 626, 56 So. 615; Harris v. Wafer, 113 La. [822] 823, 37 So. 768; Lagrange v. Barre, 11 Rob. 302.”
 

 In the Waller v. Colvin Case the court maintained the estoppel although the deed was attacked as being an absolute nullity
 
 *33
 
 because intended as a donation of all of the donor’s property. Other cases appropriate to the defendants’ plea of estoppel are Preslar & Tier v. Walker, 116 La. 661, 665, 40 So. 1033, 1034; Lawson v. Conolly, 51 La.Ann. 1753, 1768, 26 So. 612; Strong v. Haynes, 152 La. 695, 94 So. 322; Chatman v. Bundy, 130 La. 158. 57 So. 786; Getman v. Harrison, 112 La. 435, 36 So. 486; Lognion v. Fontenot, 121 La. 901, 46 So. 914; Thompson v. Busch-Everett Co., 133 La. 938, 63 So. 474; Jackson v. Creswell, 147 La. 914, 86 So. 329; Hood v. Hood, 14 La.App. 424, 128 So. 546. In this connection we also cite, as having some bearing on the subject, the following cases, viz.: Caskey v. Standard Oil Co., 181 La. 479, 159 So. 722; Citizens’ Bank & Trust Co. v. Willis, 183 La, 127, 162 So. 822.
 

 This is not a suit between the original parties to the act of sale ’by which John Nugent acquired from his mother and five of his coheirs, a recorded title to all their right, title, and interest in the property known as the Nugent home and which is involved in this suit, but it is an action by some of the parties to that transfer of title and the children of certain signers of the act, who died prior to the institution of the suit, against third persons who have acquired the title to, or real rights affecting the said property on the faith of the public record. Keeping this fact in mind, and impressed with the authorities from which we have quoted, we cannot escape the conclusion that the defendants’ plea of estoppel is sound and should be maintained.
 

 Plaintiffs have not alleged simulation or fraud. They rely solely upon the wording of the consideration clause of the sale; the alleged divestiture of all of the grantors’ property, and the grantee’s failure to sign the deed; and they propose to establish their contentions by oral proof, as against third persons who acquired on the faith of the public record. Under the many authorities in point, cited in the appellants’ briefs, this cannot be done. Having reached this conclusion, no other issue presented need be commented upon in this opinion. We will say, how,ever, that Mrs. Mollie Nu-gent died before the institution of this suit, and, inasmuch as the plaintiffs do not allege simulation, fraud, or error, the conveyance of her interest can be contested by her alone.
 

 With reference to the testimony, it is shown that John Nugent was the provider of a home for his mother from the death of his father to the date of his mother’s death, and that his sisters and brothers occupied that home until his sisters Lillie, Myrtle, and Sudie, and his brother George, married and moved elsewhere. It is shown that Lillie, Myrtle, Sudie, and George, at the time of the sale of the family home to John Nugent, each owned a community interest in property acquired prior thereto. It is true that all of said property, with the exception of that owned by George Nugent, was mortgaged, but the value of these properties is not fixed, and therefore its net worth cannot be determined. We have stated these facts merely to show the trend of the testimony in the record.
 

 
 *35
 
 For the foregoing reasons, the judgment appealed from is avoided and reversed, and it is now ordered, adjudged, and decreed that the defendants’ plea of estoppel be and it is hereby maintained as to all of the plaintiffs except Pearl Nugent, interdict.
 

 It is further ordered, adjudged, and decreed that the adjudication to Mattie L., Ruby Gladys, and Mancell Pitts, dated January 3, 1934, and recorded in Conveyance Book 319, p. 691, of Caddo Parish, La., is null and without effect only as to the one-fourteenth undivided interest of Pearl Nu-gent, interdict, in the southeast quarter of the northeast quarter of section 13, township 23 north, range 16 west in Caddo parish, La., and said defendants are recognized as owners of thirteen-fourteenths of said property, in the proportion of one-half thereof to Mrs. Mattie L. Pitts and one-half thereof to Ruby Gladys and Man-cell G. Pitts, in equal proportions, and as owners in the same proportions of all other property embraced in the aforesaid sheriff’s adjudication, subject to an oil and gas lease executed by them to R. W. Norton, dated September 18, 1934, recorded in Conveyance Book 328, p. 410, assigned to United Gas Public Service Company by act dated January 5, 1935, recorded in Conveyance Book 329, p. 778, and an oil and 'gas lease made by them to United Gas Public Service Company, dated March 23, 1935, recorded in Conveyance Book 337, p. 163, and a sale of minerals to John T. Guyton and others by an escrow agreement and a mineral deed dated July 24, 1935, recorded, respectively, in Conveyance Book 338, p. 185, and Conveyance Book 340, p. 78, and a sale of minerals to R. H. Davis by deed dated July 18, 1936, recorded in Conveyance Book 337, p. 841.
 

 It is further ordered, adjudged, and decreed that the respective rights of all other defendants" granted by or flowing from the mineral leases and sales heretofore mentioned in this judgment are recognized and may be exercised in so far as they do not infringe upon the one-fourteenth interest of Pearl Nugent, interdict, in the property described in the second paragraph of this judgment.
 

 It is further decreed that the defendants’ reconventional demand be granted as prayed for and that the plaintiffs pay the cost of this appeal.