FOURNET, Justice.
 

 This is a sequel to the case of Bickham et al. v. Pitts et al., decided by this court on November 30, 1936, reported in 186 La. 24, 171 So. 560, 564, and is an action to annul and set aside a sheriff’s sale under the provisions of Act No. 179 of 1918, section 1, subsection (18).
 

 On November 18, 1933, judgment was rendered in this case by the district court of Caddo parish against George W. Neugent and John F. Neugent, wherein a certain mortgage which secured the note sued on was recognized., The judgment was subsequently executed and the property described in the mortgage was sold at sheriff’s sale on January 3, 1934, to the seizing creditors (plaintiffs), Mrs. Mattie L. Pitts, Miss Ruby Gladys Pitts, and Mancell G. Pitts, hereinafter referred to as the Pittses. On the 23d day of December, 1936, the defendants (hereinafter referred to as the Neugents) filed a direct action in the same proceedings in which the foreclosure took place to have the sheriff’s sale declared null and void, alleging that the property had not been seized under the writ of fieri facias as provided by law, “any recital in the return to the contrary notwithstanding”; that while the return of the sheriff represented that the property was seized, in truth and in fact, no 'seizure was made and the return should be quashed and annulled or corrected so as to show the lack of seizure of said property; that they had directly attacked the sale and seizure in suit No. 67,249, entitled Myrtle Bickham et al. v. Mattie L. Pitts et al., supra, but the trial court refused to hear evidence of the lack of seizure of the property on the ground that the attack on said return and seizure should have been made in the proceedings under which the seizure and sale was made; and that the decision of the district court on that point was affirmed by this court.
 

 The Pittses filed the following pleas and exceptions to the petition of the Neugents: (1) Plea of res adjudicata; (2) that the petition presents only a question that has become moot by virtue of the decision of this Court in the case of Bickham v. Pitts, supra; (3) plea of improper cumulation of actions; (4) plea of estoppel based on the fact that they, having'permitted the introduction and filing in evidence of the sheriff’s sale in the Bickham v. Pitts suit without objection, are now estopped from attacking the same; and (5) the prescription of two years under article 3543 of the Revised Civil Code, as amended by Act No. 231 of 1932.
 

 The lower court sustained the plea of res adjudicata and dismissed the Neugents’ attack upon the sheriff’s return and adjudication, and they have appealed.
 

 It is the contention of counsel for the Neugents that the issue presented in this case was never adjudicated upon either in the trial court or in this court in the case of Bickham v. Pitts; that the ruling of the trial court in that case was to the effect that they, under subsection (18) of section
 
 *697
 
 1 of Act No. 179 of 1918, could not attack the sheriff’s sale except in the proceedings in which the foreclosure took place and, by their action here, they are following the judgments of the lower court and of this court.
 

 The basis of the plea of res adjudicata is article 2286 of the Revised Civil Code, which reads as follows:
 

 “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
 

 The “thing adjudged” is defined by article 3556 of the Revised Civil Code as being “that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.”
 

 It is the settled jurisprudence of this court that “matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies,' though the judgment may have been erroneous and liable to certain reversal on appeal.” Heroman v. Louisiana Institute, 34 La.Ann. 805. See, also, Buillard v. Davis, 185 La. 255, 169 So. 78, and Metropolitan Bank v. Times-Democrat Pub. Co., 121 La. 547, 46 So. 622.
 

 In the case of New Orleans v. Citizens’ Bank, 167 U.S. 371, 398, 17 S.Ct. 905, 914, 42 L.Ed. 202, the following was quoted from the Heroman Case:
 

 “No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given,
 
 the judgment imports absolute verity, and the parties cure forever estopped from disputing its
 
 correctness.” (Italics ours.)
 

 George W. Neugent and John F. Neugent and also Mrs. Mattie L. Pitts, Miss Ruby Gladys Pitts, and Mancell G. Pitts were all parties to the suit of Bickham et al. v. Mrs. Mattie L. Pitts, et al., supra, and it, therefore, follows that such matters as were at issue and were decided by the judgment in that case became the “thing adjudged” within the meaning of article 3556 of the Revised Civil Code and res adjudicata within the meaning of article 2286 of the -Code.
 

 It is not disputed that the identical issue raised here, that is, the attack on the sheriff’s sale vel non, was also raised in the case of Bickham v. Pitts, supra. In order to determine whether or not that issue was passed upon and finally determined, we have reviewed the proceedings in 'that - case arid find the facts are that when the Neugents sought to prove by the parol testimony of the deputy sheriff who made the return on the writ, contrary to the recitals thereof, that in fact no actual seizure of the property was made, counsel for the Pittses objected, on the ground that it was never alleged or shown that the return of the sheriff on the original seizure had been corrected by judgment of court in the same proceed
 
 *699
 
 ings in which the foreclosure took place as provided for by Act No. 179 of 1918, subsection (18) of section 1, and also on the ground that the deputy sheriff who made the return on the writ thereby certified to the correctness thereof and was estopped from denying or contradicting the same. Whereupon counsel for the Pittses insisted that if subsection (18) of section 1 of Act No. 179 of 1918 be construed or held to be applicable to the issue thus raised, it was unconstitutional. The trial judge, in a well-considered written opinion, maintained that the act was constitutional, and in determining the issue involved, held that: “If I understand the language used, it (subsection 18 of the act) means that inasmuch as this question (meaning the attack on the foreclosure sale) was not raised in the proceedings in which the foreclosure took place it is now too late to raise it.”
 

 The trial judge, in disposing of the case, rendered judgment decreeing the sheriff’s adjudication to Mattie L., Ruby Gladys, and Mancell G. Pitts, dated January 3, 1934, to be null and without effect as to five-sevenths of the property, and recognized all the plaintiffs, except George W. and John F. Neugent, against whom defendants’ plea of estoppel was maintained, as owners in indivisión of five-sevenths of the property. On appeal we annulled the judgment of the lower court, maintained defendants’ plea of estoppel, and recognized Mattie L. Pitts, Ruby Gladys Pitts, and Mancell G. Pitts, the seizing creditors, as owners of thirteen-fourteenths of the property embraced in the sheriff’s sale, subject to certain mineral leases and sales affecting the property. We also held that “it is further decreed that defendants’ reconventional demand be granted as prayed for,” which was in effect that they be recognized as the true and lawful owners of the property and that plaintiffs, be enjoined from thereafter asserting any claim or ownership to said interests and from slandering the title of' defendants thereto.
 

 Thus it may be seen that, while termed an action of nullity, after all, the case was nothing but an attack by plaintiffs on the title of defendants to the property in controversy. They in turn met the issue and in reconvention asserted their titles and rights to the property and prayed that they be recognized as the owners of the property and that the plaintiffs be enjoined thereafter from asserting any claim or ownership thereto. Consequently, our decree of November 30, 1936, is conclusive on the issue of the title to the property in controversy, and includes all issues raised and passed upon in the lower court, as well as those “which are impliedly and necessarily within the issue joined, and the determination of which is necessarily included in the judgment.” Hewett v. Williams, 48 La.Ann. 686, 19 So. 604, 613.
 

 Moreover, the Neugents not only raised the issue of nullity of the sheriff’s sale in the case of Bickham v. Pitts, supra, but at no ■ time, until this suit did they interpret the judgment and decree of this court in that case to mean as they now contend, i. e., that the issue of nullity was not passed upon; that such was not their views, in the matter is clearly shown by their argument and brief on appeal and on rehearing, which is summarized in their brief on rehearing as follows:
 

 
 *701
 
 “The suit was on two causes of action: one to annul the sale from the Neugents to John Neugents, dated October 13, 1920; and the other, to annul the foreclosure sale of the property to the Pittses on January 3, 1934.
 
 The case was presented to this Court on both causes of action with all of the earnestness of which we are capable.
 
 Nearly half of our brief was devoted to the nullity of the foreclosure sale.
 
 Our whole contention on the latter cause of action has been disposed of by this Court in an introductory sentence to a paragraph on the subject of estoppel. * * *”
 
 (Italics ours.)
 

 We, therefore, conclude that the judgment of the lower court maintaining the plaintiffs’ plea of res adjudicata is correct and the judgment, for the reasons assigned, is affirmed at defendants’ costs.
 

 ODOM, J., dissents.
 

 PONDER, J., absent