ELLIS, Judge.
The plaintiff, Hundred Oaks Park, Inc., seeks in this suit to rescind any rights which may exist in favor of the defendant, Jessie L. Sheppard, by virtue of certain transactions between the parties relative to several lots situated in the Hundred Oaks Park subdivision of East Baton Rouge Parish.
In the original petition it is alleged that sometime in the month of July, 1937 the plaintiff, through Gerth’s Realty Experts of New Orleans, Louisiana, auctioneers, conducted an auction sale of certain lots in Hundred Oaks Park, and that the defendant purchased thereat the lots described as Lots 1A, 1B, 2A, 2B, 3A, 3B, and 8 of Block 29 and Lots 6, 7 and 8 of Block 24. It is alleged further that in accordance with the terms announced by the auctioneers all sales were to be executed on the day following the auction sale by plaintiff’s attorneys and that though the defendant paid the sum of $75 as auctioneer’s fees and $40 as a down payment on the lots he has refused and neglected to comply with his bid and to execute the sale. The sum of $40 was alleged to have been tendered defendant, who refused same. The prayer is for judgment can-celling any rights which may exist in favor of defendant by virtue of his bid and recognizing plaintiff as the true and lawful owner of the -lots. Plaintiff also prayed *399 that it be allowed to deposit the sum of $40 in the registry of the Court.
In his answer defendant admitted having purchased Lots 1A, 1B, 2A, 2B, 3A, and 3B of Block 29 during the course of the auction, but denied that Lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29 had been so purchased by him. He alleged that of the amount paid by him, being $115, represented the auctioneer’s fee and a down payment on the purchase price of these lots. He then alleges that several weeks later he called at plaintiff’s office to take title to this property, and that after some negotiation he agreed to purchase Lots 6, 7 and 8 of Block 24, and Lot 8 of Block 29, but in so doing refused to pay an auctioneer’s fee on the ground that this agreement took place in the office of the plaintiff. He then alleges that plaintiff insisted upon his taking title to all the lots in one deed, which he refused to do. His position is that he made two separate and distinct purchases and that he wanted two separate sales. He also avers that he went to the office of plaintiff’s attorneys on several occasions in an attempt to take title to the lots purchased at the auction for cash and that though a sale was so prepared plaintiff refused to execute same. The further allegation is made that he has been at all times ready and willing to complete the transaction of the lots purchased at the auction. Assuming the position of plaintiff in reconvention he alleged that he had been unable to fulfill a business agreement with a third party because of plaintiff’s, failure to execute the sales of Lots 1A, 1B, 2A, 2B, 3A, and 3B of Block 29, and asked for damages in the sum of $3500. The answer concluded with a prayer for judgment rejecting all of plaintiff’s demands and ordering it to complete the transaction insofar as Lots 1A, 1B, 2A, 2B, 3A, and 3B of Block 29 were concerned upon his paying the balance of the purchase price in the amount of $305.
In a supplemental and amended petition the plaintiff set out that Lots 1A, 1B, 2A, 2B, 3A and 3B of Block 29 had been purchased at the auction and that the remainder of the lots in controversy had been purchased by defendant shortly thereafter as the result of a discussion at the office of the auctioneer. It was further alleged that in this same agreement defendant was to pay an auctioneer’s fee of $75 for the work done in both sales. The prayer was the same as in the original petition.
As mentioned previously the auction sale was in the month of July, 1937. Suit was not filed until December 12, 1940, and trial 'was had January 21, 1942. Nothing'further was done in the matter until the year 1950 when it was submitted by counsel who had not represented the parties at the time of trial. The defendant is represented on this appeal not by the lawyer who submitted the case in the lower court," but by new counsel.
In a written opinion the trial judge held that there was no binding agreement as to Lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29 for the reason that there was no written agreement evidencing same and for the further reason that defendant made no claim to same in his answer. It was also held that there were neither sufficient allegations nor proof to support defendant’s prayer for specific performance as to the other lots. Consequently, judgment was rendered in favor of plaintiff as prayed for insofar as Lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29 were concerned, and dismissing defendant’s reconventional demand as to Lots 1A, 1B, 2A, 2B, 3A and 3B of Block 29, reserving to him however, the right in a proper, proceeding to renew, his demand for -specific performance as to these latter lots.
The defendant has appealed from the judgment as rendered and the plaintiff has answered the appeal seeking judgment as prayed for-in the Court below.
The principal assignment of error made by the defendant is the refusal of the lower court to permit him to prove the verbal agreement to purchase lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29. Also he complains of the refusal of the trial court to admit into evidence an “order for deed”, which pertained to all of the lots and was addressed by plaintiff to its attorneys. An “order for deed”, the evidence discloses, was merely a form used at the time of these transactions which re *400 quested the attorneys to prepare a sale of certain described lots, giving the name of the purchaser, the down payment made and the monthly credit payments due. At the time of the trial, however, the introduction of this very document, as well as a letter sighed by the auctioneers, was objected to by counsel for defendant himself. Under the circumstances we feel, as did the trial judge, that defendant has no right to complain of this ruling now. .While it is true that defendant in his answer prayed that all of plaintiff’s demands be rejected, he specifically prayed for specific performance only as to these lots alleged by him to have been bid in at the auction itself. This, coupled with the objection by defendant’s counsel to the introduction of any evidence concerning an agreement to purchase the remainder of the lots, we think estops the defendant at this late date from making any claim to them and the ruling of the trial court insofar as Lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29 are concerned is therefore correct. The interesting point in this regard is that these lots were probably not too attractive to defendant at the time of the trial and that now, after the lapse of eight years, they have enhanced a great deal in value and he would like to be able to purchase them.
' There are no seriously disputed questions of fact which arise on this appeal. The plaintiff contends, ■ however, that whereas there was originally only one agreement to purchase, that due to subsequent .negotiations, the second agreement to purchase became merged with the first and because of defendant’s failure to comply with his agreement he, has lost any rights which he may have had in all of the lots. It is agreed by counsel for both parties that the law governing the case is stated in R.C.C. Art. 2275, which reads as follows: “Every transfer of immovable property must be in writing; but if'a verbal sale, or other disposition of such property, be,made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.”
■ As stated above, due to the pleadings and objection by defendant’s counsel, there was no sufficient written evidence to sustain defendant’s present claims to Lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29. The trial judge held that as to the remainder of the lots there was sufficient written evidence to establish a contract for the sale of same. It is admitted that there was .never any delivery of any of the lots. As to Lots 1A, IB, 2A, 2B, 3A and 3B of Block 29, however, there is the receipt issued defendant on the day of the auction, showing the total purchase price, the lots bid in, and the amount paid, less auctioneer’s fee, to be applied to the purchase price. There also appears thereon the ■following: “I agree to purchase the above described lots at price set forth and upon conditions and subject to the restrictions orally announced by the auctioneer at time of sale. AH lots sold subject to prior sale.”’
We think, as did the trial judge, that this is sufficient written evidence to establish a contract for these lots.
There remains only the question raised by counsel 'for plaintiff relative to a merger of the agreements. The trial judge held that defendant was willing and able at all times to take title to the lots bid in at the auction, but that he was prevented from doing so by plaintiff’s insistence that these lots as well as the others be included in one sale. It was further held that defendant was within his rights in demanding two separate sales and that the delay in execution of the deeds was purely the plaintiff’s fault. Of course, if plaintiff is correct in its contention that there was actually one agreement to purchase all the lots, then it would be defendant who failed to comply with same.
We are satisfied, however, that there never was such an agreement, and further that there is not in the .record sufficient written evidence to establish same. Counsel for plaintiff calls our attention to the fact that defendant himself offered to introduce into evidence an order for deed drawn up subsequent to the auction which included all of the lots. They also point to certain letters exchanged between plain *401 tiff, its attorneys and auctioneers, and to a sale which was drawn, but’ never executed, which included Lots 1A, 1B, 2A, 2B, 3A, 3B and 8 of Block 29. We feel that none of these documents are sufficient to prove an agreement on the part of the defendant to take title to all of the lots in one transaction and agree with the trial judge that had there been two deeds drawn as requested by defendant that this controversy would never have arisen.
Lastly, the plaintiff contends that because of the apparent confusion in' all of these transactions that there was never a meeting of the minds and no agreement as to any of the lots. With this we cannot agree. Insofar as the lots purchased at the auction are concerned the record shows a binding agreement to purchase on the part of the defendant, and the fact that he is still willing to comply with same.
There is no evidence whatsoever relative to damages claimed by defendant in his reconventional demand, and same was therefore correctly denied. Relative to specific performance the trial judge held that there was neither sufficient allegations nor proof that defendant had ever tendered the purchase price of the lots bid in at auction or that he could not be adequately compensated in damages.
Insofar as specific performance- is concerned, while it is true the trial judge held that there was neither sufficient allegations nor proof that defendant had ever tendered the purchase price of the lots bid in at auction, the trial judge found and so stated in his reasons and we believe correctly so, that defendant was willing and able at all times to take title to the lots bid in at the auction, but that, he was prevented from doing so by the plaintiff, and under these facts, it would have been a vain and useless thing for defendant to have tendered the purchase price, and regardless of the sufficiency of the allegations, such proof was actually made on the trial of the case without any objection.
In the recent case of Dewenter v. Mott, La.App., 27 So.2d 444, 446 the Supreme Court stated: “* * * Under the circumstances it would have been futile for plaintiff to place defendant in default by tendering the purchase price. * * * ”
The same is true in the present case.
We are, therefore, of the opinion that the judgment of the Lower Court should be amended by granting defendant’s prayer for specific performance insofar as Lots 1A, 1B, 2A, 2B, 3A and 3B of Block 29, Hundred Oaks Park, are concerned; upon payment by the defendant of the balance due thereon of $305.
In the event that the plaintiff does not comply with this decree within sixty days from the date this judgment becomes final, then, in that event, upon deposit in the registry of the District Court by defendant of $305 within thirty days thereafter this judgment shall stand in lieu of a formal deed from plaintiff transferring the ownership of Lots 1A, 1B, 2A, 2B, 3A and 3B of Block 29 to defendant.
As amended, the judgment of the District Court is hereby affirmed.