LOTTINGER, Judge.
This is a suit for specific performance of a contract to purchase Lots 6, 7 and 8 of Square 24 and Lot 8 of Square 29, Hundred Oaks Park in Baton Rouge, Louisiana. Defendant has filed a plea of res adjudieata, which plea was sustained by the lower court, and the suit of plaintiff was dismissed. Plaintiff has taken this appeal.
The defendant bases its plea of res ad-judicata on the facts set forth in the suit entitled Hundred Oaks Park, Inc., v. Jesse L. Sheppard which was previously before this court, and upon which our decision is reported in 51 So.2d 398. In that suit, the corporation alleged that Sheppard purchased at auction in July, 1937, the four lots mentioned above together with six other lots. The corporation prayed, in part, that there he judgment—
“rescinding and cancelling any and all rights which may or might exist in favor of the said Jesse L. Sheppard by virtue of his being purchaser of the above and foregoing property described in Paragraph II above at public auction in July 1937.”
Sheppard answered and denied that he purchased the four lots, mentioned above, at public auction. He further alleged that he agreed to purchase the four lots on the occasion of his appearance at the corporation’s office for the purpose of taking title to the six lots which he had purchased at auction. Thereupon, the corporation filed a supplemental and amended petition restricting the allegations of Paragraph II of its petition to the six lots, but alleging in Paragraph 4 that shortly after the purchase of the six lots at the auction sale, Sheppard went to the office of the auctioneer and entered into an agreement to purchase the four additional lots. The prayer of this supplemental petition is. that—
“there be judgment herein as prayed for in the original petition.”
It is the contention of plaintiff here, Sheppard, that, by its supplemental and amended petition, the corporation in the former suit limited its demands to the six lots and that the four lots, which are here contested, formed no part of the original suit, and that the plea of res adjudieata should be dismissed.
We believe that the plaintiff-appellant is clearly erroneous in his contention that, by virtue of the amended and supplemental petition filed in the prior suit, the dispute concerning the four lots here sued upon was removed from the prior suit. In Paragraph 4 of the amended and supplemental petition in the prior suit, the plaintiff there contended:
“ * * * and shortly thereafter he (Sheppard) reported to the office of said auctioneer and after some discus *625 sion made a new agreement with them whereby in addition to the lots above described, he agreed also to purchase lots 6, 7 and 8 of Block 24 and Lot 8 of Block 29, * * (Parenthesis ours.)
The answer filed by Sheppard in the prior suit referred to the agreement to purchase the four lots which are here the matter of dispute. It is clear from the record in the prior suit that the District Court, this court and the parties to the suit were of the opinion that the four lots were the subject of adjudication. Sheppard himself in his brief to this court showed that the matter of the agreement relative to the purchase of the four lots was at issue. The application for a rehearing before this court, in the former suit, reads in part as follows:
“The court held that there is not in the record sufficient written evidence to establish the sale of the said lots 6, 7 and 8 of Block 24, and Lot 8 of Block 29. We submit that the court is in error in refusing to reverse the lower courts ruling in sustaining the objections to the various offers of written documents which clearly evidenced the sale of these four lots. If this court will reverse the lower courts ruling in excluding this evidence, then there will be sufficient evidence in the record to establish this sale.”
In said application for rehearing, Sheppard prayed:
“ * * * that after due consideration, a rehearing be granted in this case on that part of the courts decree affirming the lower courts judgment denying defendant’s right to take title to Lots 6, 7 and 8 of Block 24, and Lot 8 of Block 29 * *
There is, therefore, no question that the rights of Sheppard to the four lots were decided in the former suit between the parties. As a matter of fact, that part of the judgment in the original suit of Hundred Oaks Park, Inc., v. Sheppard, dealing with these lots, which was appealed to this court and affirmed, provides as follows:
“It is further ordered, adjudged and decreed that there be judgment rendered herein, decreeing that as to said Lots Nos. 6, 7 and 8 of Block 24 and Lot No. 8 of Block 29, Hundred Oaks Park, the defendant, Jesse L. Sheppard, has no right, title or interest therein.”
We believe that the lower court was correct in sustaining the exception of res ad-judicata. We wholeheartedly concur in the written reasons for judgment below, which, in part, provide as follows:
“What the plaintiff, Sheppard, is now asking this court to do is to find that the courts and the parties, including himself, were in error in adjudicating the rights of the parties relative to the four lots in the former suit. It may be they were in error, but that is a matter into which, in my opinion, this court has no right to inquire. Pitts v. Neugent, 187 La. 694, 175 So. 460. It is a thing adjudged, and from the judgment no further appeal can be taken. It appears that all the requirements of Article 2286 of the LSA-Civil Code are met. The object of the judgment in the former suit and the judgment prayed for here is a final judicial determination of the rights of the parties under the purchase agreement covering the four lots: Sheppard’s demand in each suit is specific performance of the contract; the cause of action in each suit is this defendant’s denial of plaintiff’s right to specific performance; the parties are the same, and they appear in the same quality.”
For the reasons hereinabove assigned, the judgment of the lower court is affirmed, the costs of this appeal to be paid by plaintiff.
Judgment affirmed.